# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE WILLIAMS, CDCR #T-54378,<br><br>Plaintiff,<br><br>vs.<br><br>DANIEL PARAMO; R. OLSON; E. MARRERO; LOS ANGELES COUNTY,<br><br>Defendants. | Civil No.   12cv0113 BTM (RBB)<br><br>**(1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, IMPOSING NO INITIAL PARTIAL FILING FEE AND GARNISHING $350.00 BALANCE FROM INMATES'S TRUST ACCOUNT; and**<br><br>**(2) DISMISSING DEFENDANT WITHOUT PREJUDICE FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b)** |

Lonnie Williams ("Plaintiff"), an inmate currently incarcerated at California State Prison, Sacramento, California, and proceeding pro se, has submitted a civil rights Complaint pursuant to 28 U.S.C. § 1983. In addition, Plaintiff has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [ECF No. 2].

/ / /

/ / /

## I.  Motion to Proceed IFP [ECF No. 2]

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to prepay the entire fee only if that party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Prisoners granted leave to proceed IFP however, remain obligated to pay the entire fee in installments, regardless of whether their action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

The Court finds that Plaintiff has submitted an affidavit which complies with 28 U.S.C. § 1915(a)(1), and that he has attached a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. Plaintiff's trust account statement indicates that he has insufficient funds from which to pay filing fees at this time. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.").

Generally, once a prisoner has accumulated three strikes pursuant to 28 U.S.C. § 1915(g), he is prohibited by section 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1051-1052 (9th Cir. 2007) (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing."). While the Court finds that generally Plaintiff is not permitted to proceed IFP due to the fact that he has been found to have three "strikes"[1] pursuant to 28 U.S.C. § 1915(g), he has alleged claims of "imminent danger of serious physical injury."

///

---

[1] A review of "PACER" reveals that Plaintiff has filed sixty five (65) prison conditions cases in the Central, Eastern and Southern Districts of California. Moreover, Plaintiff has been denied the right to proceed IFP in numerous cases as barred by 28 U.S.C. § 1915(g).

Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [ECF No. 2] and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1).  However, the entire $350 balance of the filing fee mandated shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

**II.     Sua Sponte Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

Notwithstanding payment of any filing fee or portion thereof, the Prison Litigation Reform Act ("PLRA") requires courts to review complaints filed by prisoners against officers or employees of governmental entities and dismiss those or any portion of those found frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief.  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

While the Court finds that Plaintiff has adequately stated an Eighth Amendment failure to protect claim against Defendants Paramo, Olson and Marrero, Plaintiff has failed to state a claim against the County of Los Angeles.  While not entirely clear, it appears that Plaintiff is claiming that the County of Los Angeles is somehow liable for the "R" suffix classification he received due to a juvenile proceeding that occurred in 1991.  (*See* Compl. at 1, 3.)

"[A] municipality cannot be held liable solely because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978).  A municipality may be liable under § 1983 for monetary, declaratory, or injunctive relief where the constitutional deprivation was caused by the implementation or execution of "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell*, 436 U.S. at 690; *Board of the County Commissioners v. Brown*, 520 U.S. 397, 117 S. Ct. 1382, 1388 (1997); *Navarro v. Block*, 72 F.3d 712, 714 (9th Cir. 1995).

To establish municipal liability, plaintiff must show:  (1) he was deprived of a constitutional right; (2) the city had a policy; (3) the policy amounted to deliberate indifference to plaintiff's constitutional right; and (4) the policy was the "moving force behind the

1 constitutional violation." *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996); *see Board of the County Commissioners v. Brown*, 520 U.S. 397, 117 S. Ct. at 1388; *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996). Thus, in order to state a § 1983 claim against the County of Los Angeles, Plaintiff must allege facts showing that his injury was caused by individual officers whose conduct conformed to an official city policy, custom or practice. *See Karim-Panahi*, 839 F.2d at 624.

Therefore, the Court finds that Plaintiff has not stated a § 1983 claim against the County of Los Angeles because he has failed to allege that any individual officer's conduct conformed to an official city policy, custom or practice.

However, as to the remaining claims, the Court finds Plaintiff's allegations against Defendants Paramo, Olson, and Marrero sufficient to survive the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b).[2] *See Lopez*, 203 F.3d at 1126-27; *Farmer v. Brennan*, 511 U.S. 825, 835 (1994).

Plaintiff will have the opportunity to file an Amended Complaint or notify the Court that he intends to proceed as to those claims that the Court has determined survive the screening process.

### III.  Conclusion

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

1.   Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) [ECF No. 2] is **GRANTED**.

2.   The Secretary of the California Department of Corrections and Rehabilitation, or his designee, is ordered to collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the trust account in an amount equal to twenty percent (20%) of the preceding month's income credited to the account and

---

[2]  Plaintiff is cautioned that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12[] motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007). Based on the facts alleged, it appears that Plaintiff may not have exhausted his administrative grievances prior to bringing this suit as required by 42 U.S.C. § 1997e. However, whether Plaintiff exhausted his administrative remedies is an affirmative defense and therefore, the Court will not dismiss on those grounds at this time.

1  forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in
2  accordance with 28 U.S.C. § 1915(b)(2).  ALL PAYMENTS SHALL BE CLEARLY
3  IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

4      3.    The Clerk of the Court is directed to serve a copy of this Order on Matthew Cate,
5  Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883,
6  Sacramento, California, 94283-0001.

7  **IT IS FURTHER ORDERED** that:

8      4.    Defendant County of Los Angeles is **DISMISSED** from this action without
9  prejudice for failing to state a claim upon which relief may be granted.

10      5.    Plaintiff has thirty (30) days to either: (1) notify the Court of his intention to
11  proceed with the claims that the Court has determined survive the sua sponte screening process;
12  or (2) file an amended complaint which addresses the deficiency of pleading noted above.  If
13  Plaintiff chooses to file an Amended Complaint it must be complete in itself without reference
14  to the superseded pleading.  *See* S.D. CA. CIV.LR. 15.1.  Defendants not named and all claims
15  not re-alleged in the Amended Complaint will be deemed to have been waived.  *See King v.*
16  *Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).  If Plaintiff chooses the first option, the Court will
17  issue the appropriate Order directing the United States Marshal Service to effect service as to
18  the remaining Defendants and claims.

21  DATED:  April 23, 2012

22                                                          */s/ Barry Ted Moskowitz*
23                                          BARRY TED MOSKOWITZ, Chief Judge
                                        United States District Court