1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

MS. LONNIE WILLIAMS,
CDCR #T-54378,

Plaintiff,

vs.

DANIEL PARAMO, et al.,

Defendants.

Civil No.     12cv0113 BTM (RBB)

**ORDER PROVIDING PLAINTIFF
NOTICE OF DEFENDANTS'
MOTION FOR JUDGMENT ON THE
PLEADINGS PURSUANT
TO *WYATT v. TERHUNE* AND
SETTING BRIEFING SCHEDULE**

Plaintiff is a state prisoner proceeding pro se in this civil rights action filed pursuant to the Civil Rights Act, 42 U.S.C. § 1983.[1]  On January 30, 2013, Defendants filed a Motion for Judgment on the Pleadings pursuant to FED.R.CIV.P. 12(c) [ECF No. 24].[2]

---

[1]  Because Plaintiff uses the title "Ms." and identifies as female, the Court shall refer to Plaintiff as "she."

[2]  On August 6, 2012, Defendants filed a Motion requesting that this Court revoke Plaintiff's *in forma pauperis* (IFP) status pursuant to 28 U.S.C. § 1915(g) on grounds that she, while incarcerated, had filed three previous civil actions or appeals dismissed on grounds that they were frivolous, malicious or failed to state a claim.  *See* Defs.' Mot. [ECF No. 11].  The Court denied Defendants' Motion however, finding that Plaintiff had alleged claims of "imminent danger of serious physical injury" at the time of filing.  *See* October 31, 2012 Order [ECF No. 13] at 2-3.  Defendants were further ordered to file an Answer.  *Id.* at 3.  Defendants complied, and now, have filed a Motion for Judgment on the Pleadings pursuant to FED.R.CIV.P. 12(c), arguing Plaintiff has failed to exhaust as required by 42 U.S.C. § 1997e(a), and has failed to state a claim "pursuant to FED.R.CIV.P. 12(b)(6)." *See* P&As in Supp. of

-1-                    12cv0113 BTM (RBB)

1   Defendants argue, in part, that Plaintiff has failed to exhaust her administrative remedies

2   prior to suit as required by 42 U.S.C. § 1997e(a).

3       A "motion to dismiss based on the failure to exhaust administrative remedies is closely

4   analogous to a motion for summary judgment," in that the district court "may look beyond the

5   pleadings and decide disputed issues of fact." *Stratton v. Buck*, 697 F.3d 1004, 1007, 1008 (9th

6   Cir. 2012) (citing *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003)).

7       Therefore, if the Court looks beyond the pleadings when deciding a motion to dismiss for

8   failure to exhaust, it "must assure that [the plaintiff] has fair notice of h[er] opportunity to

9   develop a record." *Id.* at 1008; *Wyatt*, 315 F.3d at 1120 n.14; *see also Marella v. Terhune*, 568

10  F.3d 1024, 1028 (9th Cir. 2009) (remanding case to district court where court failed to

11  "effectively give [plaintiff] fair notice that he should have submitted evidence regarding

12  exhaustion of administrative remedies").

13      Accordingly, Plaintiff is hereby provided with notice that Defendants have filed a motion

14  which asks the Court to dismiss her case (or part of it) because she failed to exhaust

15  administrative remedies pursuant to 42 U.S.C. § 1997e(a). *See Woods v. Carey*, 684 F.3d 934,

16  936, 939 (9th Cir. 2012). If Plaintiff wishes to oppose Defendants' Motion, she should include

17  in her Opposition whatever arguments, evidentiary material, or documents she may have to show

18  that she did, in fact, exhaust all administrative remedies as were available to her prior to filing

19  suit. *See Wyatt*, 315 F.3d at 1119-21; *Marella*, 568 F.3d at 1028; *Stratton*, 697 F.3d at 1008

20  (noting plaintiff has the "right to file counter-affidavits or other responsive evidentiary material"

21  which is relevant to show the administrative exhaustion of her claims).

22      If Defendants' Motion and supporting proof is sufficient to show that she has failed to

23  exhaust, and Plaintiff fails to develop the record by providing evidence to the contrary as part

24  of her Opposition, her unexhausted claims will be dismissed without prejudice and she will not

25  be able to proceed as to those claims in this action. *See Wyatt*, 315 F.3d at 1120 ("If the district

26

27  _____

28  Defs.' Mot. [ECF No. 24-1] at 13-25. When Rule 12(c) is used to raise the defense of failure to state a claim, the motion for judgment on the pleadings faces the same test as a motion under Federal Rule of Civil Procedure 12(b)(6). *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980); *McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 810 (9th Cir. 1988).

1  court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is

2  dismissal of the claim without prejudice.").

3  **Conclusion and Order**

4  In light of this Notice, the Court sets the following briefing schedule:

5  1)  Plaintiff, if she chooses, may file an Opposition to Defendants' Motion to Dismiss,

6  which includes evidentiary material related to the exhaustion of her claims, and serve it upon

7  Defendants' counsel of record no later than **Friday, March 22, 2013**.

8  2)  Defendants may file a Reply to Plaintiff's Opposition, and serve it upon Plaintiff

9  no later than **Friday, March 29, 2013**.

10  3)  Defendants' Motion is set for hearing in Courtroom 15B on **Friday, April 5, 2013**

11  at 11:00 a.m.  However, at that time, the Court will consider the matter fully briefed as submitted

12  on the papers and will issue its written ruling on Defendants' Motion soon thereafter.  Unless

13  otherwise ordered, no appearances are required on the date set for hearing, and no oral argument

14  will be held.  *See* S.D. CAL. CIVLR 7.1.d.1.

15  **IT IS SO ORDERED.**

16

17  DATED:  March 4, 2013

18  BARRY TED MOSKOWITZ, Chief Judge

19  United States District Court

20

21

22

23

24

25

26

27

28