# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE WILLIAMS, CDCR #T-54378, <br><br> Plaintiff, <br><br> vs. <br><br> DANIEL PARAMO; R. OLSON; E. MARRERO, <br><br> Defendants. | Civil No. 12cv0113 BTM (RBB) <br><br> **ORDER:** <br><br> **(1) DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION; and** <br><br> **(2) DENYING DEFENDANTS' EX PARTE MOTION TO STRIKE AS MOOT** <br><br> **[ECF Nos. 31, 32]** |

## I. Procedural History

Plaintiff is a state prisoner proceeding pro se in this civil rights action filed pursuant to the Civil Rights Act, 42 U.S.C. § 1983.[1] On January 30, 2013, Defendants filed a Motion for Judgment on the Pleadings pursuant to FED.R.CIV.P. 12(c) (ECF No. 24). Defendants argued, in part, that Plaintiff has failed to exhaust her administrative remedies prior to suit as required

---

[1] Because Plaintiff uses the title "Ms." and identifies as female, the Court shall refer to Plaintiff as "she."

by 42 U.S.C. § 1997e(a). Accordingly, the Court issued an Order providing Plaintiff notice of Defendants' Motion for Judgment on the Pleadings pursuant to *Wyatt v. Terhune* 315 F.3d 1108 (9th Cir. 2003) and set a briefing schedule. (ECF No. 25.) This notice informed Plaintiff that if she wished to oppose the Defendants' Motion, "she should include in her Opposition whatever arguments, evidentiary material, or documents she may have to show that she did, in fact, exhaust all administrative remedies as were available to her prior to filing suit." (*Id.* at 2, citing *Wyatt*, 315 F.3d at 1119-21.)

The Court took this Motion under submission on April 5, 2013 after the time had lapsed to file an Opposition. (ECF No. 26). On May 29, 2013, this Court entered an Order granting Defendants' Motion for Judgment on the pleadings. (ECF No. 28). On June 4, 2013, Plaintiff filed a document entitled "Objections to Defenses' Motion to Dismiss." (ECF No. 31.) The Court has construed this to be a Motion brought pursuant to Federal Rules of Civil Procedure 60(b). Defendants have filed an "Ex Parte Motion to Strike Plaintiff's Opposition to Defendants' Motion for Judgment on the Pleadings." (ECF No. 32.) Following this, Plaintiff filed a "Motion and Declaration in Support of Her Opposition to Defendants' Motion to Dismiss." (ECF No. 37.)

Plaintiff has also filed a Notice of Appeal with the Ninth Circuit Court of Appeals. (ECF No. 33.) The Ninth Circuit Court of Appeals has issued an Order to Show Cause (OSC) why Plaintiff's IFP status should not be revoked in light of the fact that she has had three or more actions dismissed as frivolous or for failure to state a claim. *See Williams v. Paramo, et al.*, Court of Appeals Doc. No. 13-56004. Even though Plaintiff has filed a Notice of Appeal, this Court retains jurisdiction to rule on Plaintiff's Motion. *See* FED.R.APP.P. 4(a)(4); *Miller v. Marriott Int'l, Inc.*, 300 F.3d 1061, 1063-64 (9th Cir. 2002).

## II. Plaintiff's Motion

### A. Standard of Review

Under Rule 60, a motion for "relief from a final judgment, order or proceeding" may be filed within a "reasonable time," but usually must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding." FED.R.CIV.P. 60(c). Reconsideration

under Rule 60 may be granted in the case of: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; or (3) fraud; or if (4) the judgment is void; (5) the judgment has been satisfied; or (6) for any other reason justifying relief. FED.R.CIV. P. 60(b).

**B.     Plaintiff's claims**

The Court's Order, entered on May 29, 2013, found that Defendants had adequately shown that Plaintiff had failed to exhaust her administrative remedies with regard to all of the claims in her Complaint. (ECF No. 28 at 4.) The Court further found that by failing to even file an Opposition, there was no evidence submitted by Plaintiff to rebut Defendants' showing. (*Id.* at 4.) However, Plaintiff now claims that she was unable to file a timely opposition due to the fact that she was "housed in the Department of Mental Health (DMH) in Vacaville until May of 2013." (ECF No. 37 at 1.) The Court's docket reflects that there was no change of address ever filed by Plaintiff nor was any mail from the Court to Plaintiff returned "undeliverable." Regardless, the Court will now consider Plaintiff's untimely Opposition.

In the Motion currently before this Court, Plaintiff maintains that she "attempted" to exhaust her available administrative remedies before filing this action. (ECF No. 31 at 2.) Plaintiff seeks an Order from this Court vacating the judgment in favor of Defendants and finding that "Plaintiff's attempts to exhaust be deemed an exhaustion of administrative remedies." (*Id.* at 3-4.) A review of these two documents submitted by Plaintiff demonstrate a failure to provide any evidentiary support to either vacate the previous judgment or find that she has properly exhausted her administrative remedies. Plaintiff does not provide any documents, let alone specific factual allegations, that would defeat the evidentiary support provided by Defendants in their original moving papers.

In sum, a motion for reconsideration cannot be granted merely because Plaintiff is unhappy with the judgment, frustrated by the Court's application of the facts to binding precedent or because she disagrees with the ultimate decision. *See* 11 Charles Alan Wright & Arthur R. Miller *Federal Practice & Procedure* 2d § 2858 (Supp. 2007) (citing *Edwards v. Velvac, Inc.*, 19 F.R.D. 504, 507 (D. Wis. 1956)). Plaintiff has failed to provide any factual or

evidentiary support for any basis under Rule 60(b) that would justify vacating the Court's May 29, 2013 Order.

### III. Conclusion and Order

Accordingly, Plaintiff's Motion brought pursuant to FED.R.CIV.P. 60 [ECF No. 31] is hereby **DENIED**. Defendants' Motion to Strike Plaintiff's late Opposition [ECF No. 32] is **DENIED** as moot.

**IT IS SO ORDERED.**

DATED: September 3, 2013

BARRY TED MOSKOWITZ, Chief Judge
United States District Court