1   XAVIER BECERRA
    Attorney General of California
2   MICHELLE DES JARDINS
    Supervising Deputy Attorney General
3   SUZANNE ANTLEY
    Deputy Attorney General
4   State Bar No. 249289
      600 West Broadway, Suite 1800
5     San Diego, CA 92101
      Telephone:  (619) 738-9555
6     Fax:  (619) 645-2581
      E-mail:  Suzanne.Antley@doj.ca.gov
7   *Attorneys for Defendants Marrero, Olson,*
    *and Paramo*

8                   IN THE UNITED STATES DISTRICT COURT

9                  FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10

11

12

| | |
|---|---|
| 13  **LONNIE WILLIAMS,** | 12-cv-00113-BTM-RBB |
| 14                                    Plaintiff, | |
| 15            **v.** | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF** |
| 16  **D. PARAMO, et al.,** | **DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS** |
| 17                                  Defendants. | Date:          September 15, 2017 |
| 18 | Time:          11:00 a.m. |
| 19 | Courtroom:  15B (Carter/Keep)  Judge:        Hon. Barry T. Moskowitz  Trial Date:   None Designated |
| 20 | Case Filed:  1/12/2012 |
| 21 | **No Oral Argument Requested** |

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

**Page**

Introduction ................................................................................................. 1

Plaintiff's Allegations ................................................................................. 1

Plaintiff's Legal Theories .......................................................................... 2

Grounds for Judgment on the Pleadings in Favor of Defendants ............ 2

Argument ...................................................................................................... 2

I.     Williams's Deliberate-Indifference Claim Is Moot. ........................... 2

II.    Williams Failed to State a Cognizable Claim Under the
Fourteenth Amendment, Under the Eighth Amendment, Under a
Theory of Conspiracy, or Under State Libel and Slander Law. .......... 3

     A.     The Legal Standard for Dismissal Under Rule 12(b)(6)
and § 1983 ................................................................................ 4

     B.     Williams Failed to State a Fourteenth Amendment Due-
Process Claim. .......................................................................... 4

          1.     The Standard for Pleading a Due Process Violation ........ 4

          2.     Williams's Life Is Not at Stake. ...................................... 5

          3.     Williams Cannot Show a Liberty Interest. ....................... 5

     C.     Williams Failed to State an Eighth Amendment
Deliberate-Indifference Claim. ................................................ 6

          1.     The Standard for Pleading Deliberate Indifference. ........ 6

          2.     Williams Failed the Objective Standard. ......................... 7

          3.     Williams Failed the Subjective Standard. ........................ 8

     D.     Williams Failed to Allege Facts to Establish a
Conspiracy. ............................................................................... 9

          1.     The Standard for Pleading a Conspiracy ......................... 9

          2.     Williams Failed to Meet the Conspiracy Standard. ........ 10

     E.     Williams Failed to State a Claim Under State Law for
Libel and Slander. ................................................................... 11

III.    Williams Failed to Comply with the California Government
Claims Act. ......................................................................................... 13

IV.    Defendants Do Not Have Authority to Change Williams's
Records, and the Court Lacks Jurisdiction to Issue an Injunction
Ordering Those Records Changed. ..................................................... 14

V.    Defendants Are Protected by Qualified Immunity. ........................... 16

Conclusion ................................................................................................. 17

i

1

# TABLE OF AUTHORITIES

2

**Page**

3    CASES

4
5    *Ashcroft v. Iqbal*
        556 U.S. 662 (2009) ....................................................................... 4, 8, 10

6
7    *Burns v. Cnty. of King*
        883 F.2d 819 (9th Cir. 1989) ..................................................................... 10

8
9    *Farmer v. Brennan*
        511 U.S. 825 (1994) ................................................................................... 7, 9

10
11   *Flast v. Cohen*
        392 U.S. 83 (1968) ......................................................................................... 3

12
13   *Gilbrook v. City of Westminster*
        177 F.3d 839 (9th Cir. 1999) ....................................................................... 9

14   *Guerra v. Sutton*
        783 F.2d 1371 (9th Cir. 1986) ................................................................... 16

15
16   *Harris v. Roderick*
        126 F.3d 1189 (9th Cir.1997) ..................................................................... 9

17
18   *Haygood v. Younger*
        769 F.2d 1350 (9th Cir. 1985) ..................................................................... 4

19
20   *Helling v. McKinney*
        509 U.S. 25 (1993) ......................................................................................... 6

21
22   *Hoptowit v. Ray*
        682 F.2d 1237 (9th Cir. 1982) ..................................................................... 7

23   *Hudson v. McMillian*
        503 U.S. 1 (1992) ................................................................................... 3, 7, 8

24
25   *Ivey v. Bd. of Regents of Univ. of Alaska*
        673 F.2d 266 (9th Cir. 1982) ....................................................................... 4

26
27   *Jeffers v. Gomez*
        267 F.3d 895 (9th Cir. 2001) ....................................................................... 6

28

1
2

# TABLE OF AUTHORITIES
## (continued)

**Page**

3
4

*Karim-Panahi v. Los Angeles Police Dept.*
    839 F.2d 621 (9th Cir. 1988) ................................................................. 13

5
6

*Kemmerer v. County of Fresno*
    200 Cal. App. 3d 1426 (1988) ................................................................ 12

7
8

*Love v. United States*
    915 F.2d 1242 (9th Cir. 1989) ................................................................. 4

9

*Lozada v. City and County of San Francisco*
    145 Cal. App. 4th 1139 (2006) .............................................................. 13

10
11

*Mendocino Envtl. Ctr. v. Mendocino Cty.*
    192 F.3d 1283 (9th Cir. 1999) ................................................................. 9

12
13

*Mitchell v. Dupnik*
    75 F.3d 517 (9th Cir. 1996) ..................................................................... 3

14
15

*Myron v. Terhune*
    476 F.3d 716 (9th Cir. 2007) ................................................................... 5

16
17

*Neville v. Chudacoff*
    160 Cal. App. 4th 1255 ......................................................................... 11

18
19

*Nguyen-Lam v. Cao*
    171 Cal. App. 4th 858 (2009) ............................................................... 11

20
21

*Oltarzewski v. Ruggiero*
    830 F.2d 136 (9th Cir.1987) .................................................................... 8

22

*Osolinksi v. Kane*
    92 F.3d 934 (9th Cir. 1996) ..................................................................... 7

23
24

*Parratt v. Taylor*
    451 U.S. 527 (1981) ................................................................................ 4

25
26

*Pearson v. Callahan*
    552 U.S. 223 (2009) .............................................................................. 17

27
28

*People v. Dunlap*
    18 Cal. App. 4th 1468 (1993) ............................................................... 15

Mem. Of P. & A. Supp. Defs.' Mot. J. Pleadings (12-cv-00113-BTM-RBB)

1

## TABLE OF AUTHORITIES
### (continued)

2

Page

3

*People v. Martinez*

4
    22 Cal. 4th 106 (2000).................................................................................15

5

*Sandin v. Conner*

6
    515 U.S. 472 (1995) ...............................................................................5, 6

7

*Saucier v. Katz*

8
    533 U.S. 194 (2001) .............................................................................16, 17

9

*Saucier v. Katz*
    534 U.S. 194 (2001) .............................................................................16, 17

10

*State of California v. Superior Court (Bodde)*

11
    32 Cal. 4th 1234 (2004)..............................................................................13

12

*United Steelworkers of America v. Phelps Dodge*

13
    865 F.2d 1539 (9th Cir. 1989) (en banc) ....................................................9

14

*Vieux v. East Bay Reg'l Park Dist.*

15
    906 F.2d 1330 (9th Cir. 1990) ....................................................................9

16

*Wilkinson v. Austin*

17
    545 U.S. 209 (2005) ..............................................................................4, 5

18

*Zepeda v. INS*

19
    753 F.2d 719 (9th Cir. 1985) .....................................................................16

20

**STATUTES**

21

United States Code, title 42

22
    § 1983 .................................................................................................*passim*

23

California Code of Regulations, title 15
    § 3375.3 (a)(6) ...............................................................................12, 14, 15

24
    § 3377.1(b)...................................................................................................15

25

California Civil Code

26
    § 45 ......................................................................................................11, 12
    § 46 ............................................................................................................11

27
    § 47(a)(b) ..................................................................................................12

28

iv

Mem. Of P. & A. Supp. Defs.' Mot. J. Pleadings (12-cv-00113-BTM-RBB)

# TABLE OF AUTHORITIES
### (continued)

**Page**

California Government Claims Act ...................................................................... 2, 13, 14

California Government Code
 § 821.6 ........................................................................................................ 12
 §§ 900 *et seq* ............................................................................................. 13
 § 945.4 ........................................................................................................ 13
 § 950.2 ........................................................................................................ 13
 §§ 15150 – 15167 ....................................................................................... 15

California Penal Code
 §§ 11120-11127 ......................................................................................... 16
 § 11126(a) .................................................................................................. 16
 § 11126(b) .................................................................................................. 16
 § 11126(c) .................................................................................................. 16
 § 13150-13151.1 ........................................................................................ 15
 § 13152 ...................................................................................................... 15

**CONSTITUTIONAL PROVISIONS**

United States Constitution
 Eighth Amendment ............................................................................... *passim*
 Fourteenth Amendment ........................................................................... 2, 3, 4

**COURT RULES**

Federal Rule of Civil Procedure
 12(b)(6) ............................................................................................. 3, 4, 8, 10

United States Code
 § 1983 .......................................................................................................... 4

**OTHER AUTHORITIES**

California Code of Regulations, title 15
 § 2000(86) .................................................................................................. 15
 § 3272 .................................................................................................. 12, 14
 § 3375.3 ...................................................................................................... 12
 § 5000(b) .................................................................................................... 15

http://inmatelocator.cdcr.ca.gov ................................................................................ 1

v

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# INTRODUCTION

Plaintiff Lonnie Williams initiated this lawsuit in 2012 under 42 U.S.C. § 1983, alleging that officials at R.J. Donovan State Correctional Facility violated her constitutional rights.  (ECF No. 1.)  After two stints before the Ninth Circuit Court of Appeals during which the parties argued about exhaustion of administrative remedies, the case is now back before this Court for further proceedings. Defendants move the Court to enter a judgment on the pleadings in their favor.

# PLAINTIFF'S ALLEGATIONS

Williams alleges that on January 5, 2012, when she was housed at R.J. Donovan, Defendants (the Warden, Associate Warden, and a correctional counselor) conspired with Los Angeles County and the District Attorney to classify her with an R-suffix (designating her as a sex offender).  (ECF No. 1 at 3.)  She claims that Los Angeles County "made an error" in reflecting on the records that she had a sex offense on her juvenile record.  She claims that she was never convicted of a sex offense.  (*Id*.)

Williams claims that she told Defendants that an officer (who is not a Defendant in the case) told other inmates that Williams was a convicted sex offender and that she was receiving threats and harassment from these other inmates, who were members of a prison gang.  (ECF No. 1 at 4.)  Williams further claims that she told Warden Paramo that she was in imminent danger of injury and death from these gang members, but that Warden Paramo disregarded her warning. (*Id*.)

Williams does not allege that she was ever injured by the other inmates, and she has since transferred out of R.J. Donovan.  *See* http://inmatelocator.cdcr.ca.gov. She asks for an injunction directing that the R-suffix be removed from her prison records and that the sexual offense be removed from her criminal records.  (ECF

1

Mem. Of P. & A. Supp. Defs.' Mot. J. Pleadings (12-cv-00113-BTM-RBB)

No. 1 at 7.)  She also asks for damages of $20 million and punitive damages of $10 million.  (*Id.*)

## PLAINTIFF'S LEGAL THEORIES

Based on the above allegations, Plaintiff asserts that Defendants engaged in the following legal violations:

- Violation of the Due Process Clause of the Fourteenth Amendment (against all Defendants);
- Violation of the Eighth Amendment's prohibition of deliberate indifference (against Warden Paramo);
- Conspiracy (against all Defendants); and
- Violation of the state law prohibitions against slander and libel (against all Defendants).

## GROUNDS FOR JUDGMENT ON THE PLEADINGS IN FAVOR OF DEFENDANTS

The Court should enter judgment on the pleadings for Defendants because:

(1)  Williams's deliberate-indifference claim is moot;

(2)  Williams failed to state a cognizable claim under the Fourteenth Amendment, under the Eighth Amendment, under a theory of conspiracy, or under state libel and slander law;

(3)  Williams failed to comply with the California Government Claims Act;

(4)  Defendants do not have authority to change Williams's records, and the Court lacks jurisdiction to issue an injunction ordering those records changed; and

(5)  Defendants are protected by qualified immunity.

## ARGUMENT

### I.  WILLIAMS'S DELIBERATE-INDIFFERENCE CLAIM IS MOOT.

Williams's deliberate-indifference claim against Warden Paramo concerns only events, conditions, and people at R.J. Donovan State Correctional Facility.

2

1  (ECF No. 1.)  Williams is no longer housed at R.J. Donovan and is no longer in

2  danger from inmates who may have threatened her there, nor is she in proximity to

3  Warden Paramo or any of the other Defendants, and none of the Defendants has

4  control over other inmates where Williams is currently housed.

5  A claim is considered moot if it has lost its character as a present, live

6  controversy, and if no effective relief can be granted.  *Flast v. Cohen*, 392 U.S. 83,

7  95 (1968).  Questions of mootness are determined in light of the present

8  circumstances.  *Mitchell v. Dupnik*, 75 F.3d 517, 528 (9th Cir. 1996).

9  Under Williams's present circumstances, the Court cannot grant any effective

10  relief to Williams on her deliberate-indifference claim.  Williams transferred away

11  from R.J. Donovan before any harm came to her as a result of any alleged

12  indifference by Warden Paramo to inmate threats.  Harm is a necessary element of

13  deliberate indifference.  *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).  But Williams

14  suffered no harm.  There is therefore no basis for the Court to award her damages.

15  And there are no grounds for the Court to order any injunctive relief requiring

16  action by Warden Paramo, since Williams is no longer housed in an institution over

17  which Warden Paramo has authority, and Warden Paramo has no authority over the

18  inmates in the institution where Williams is currently housed, or over Williams's

19  records.  Williams therefore would not be affected by an injunction against Warden

20  Paramo.  Williams's deliberate-indifference claim is therefore moot.

**II.  WILLIAMS FAILED TO STATE A COGNIZABLE CLAIM UNDER THE FOURTEENTH AMENDMENT, UNDER THE EIGHTH AMENDMENT, UNDER A THEORY OF CONSPIRACY, OR UNDER STATE LIBEL AND SLANDER LAW.**

24  In the following sections, Defendants argue that Plaintiff failed to state a

25  cognizable claim under the Fourteenth and Eighth Amendments, under a conspiracy

26  theory, or under state tort law, and that the Court should therefore dismiss

27  Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6) and under the

28  standards applicable to claims under section 1983.

3

## A.   The Legal Standard for Dismissal Under Rule 12(b)(6) and § 1983.

In evaluating a complaint that has been challenged under Rule 12(b)(6), the court must accept its allegations as true and construe the facts pled in the light most favorable to the plaintiff.  *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989).  However, the court may not "supply essential elements" of the plaintiff's claim.  *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). This plausibility standard is not a probability requirement, but does ask for more than mere possibility; if a complaint pleads facts "merely consistent with" a theory of liability, it falls short of "the line between possibility and plausibility." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

To state a claim under 42 U.S.C. § 1983, a plaintiff must plead sufficient facts to show (1) that a person acting under color of state law engaged in the conduct at issue; and (2) that the conduct deprived the plaintiff of some right, privilege, or immunity protected by the Constitution or laws of the United States.  *See* 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

## B.   Williams Failed to State a Fourteenth Amendment Due-Process Claim.

### 1.   The Standard for Pleading a Due Process Violation

The Due Process Clause of the Fourteenth Amendment protects against the deprivation of life, liberty, and property without due process of law. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005).  A person who claims a due process violation

4

must establish that one of these interests is at stake. *Id.* It is not entirely clear which of these interests Williams claims is at stake in this case. She does not allege a deprivation of property. She does allege that her life was threatened by a prison gang. And it is not clear whether she takes the position that she has been deprived of a liberty interest.

### 2. Williams's Life Is Not At Stake.

If Williams is claiming that her life is at stake, her claim is moot, as discussed above. Because Williams has transferred out of R.J. Donovan, she is no longer in any danger of being killed by the inmates who allegedly threatened her there.

### 3. Williams Cannot Show a Liberty Interest.

Williams also cannot show a threat to a liberty interest. A liberty interest, for purposes of supporting an inmate's due process claim, can be established either: (1) by showing an extension of the inmate's term of imprisonment; or (2) by showing restraints or conditions that impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Myron v. Terhune*, 476 F.3d 716, 719 (9th Cir. 2007). Williams cannot make either showing.

First, Williams does not allege that the acts of any of the Defendants had the effect of extending her term of imprisonment. Rather, she alleges only that their acts affected the manner in which she was classified.

Second, although Williams attempts to show an "atypical hardship" by alleging that she was exposed to threats of serious harm and death from other inmates because they had been told that she was a sex offender, she does not allege any facts that would causally connect any of the Defendants with those threats. According to Williams's own allegations, officials at Los Angeles County – not Defendants – were responsible for the information that was placed in her criminal records. Indeed, she states that she herself informed Defendants that the Los Angeles County officials had made a mistake. (ECF No. No. 1 at 3.) Also,

5

1   according to Williams's own allegations, a correctional officer who is not a named

2   Defendant in this case was the person who informed the other inmates that Plaintiff

3   had been convicted of a sex offense.  (ECF No. 1 at 4.)  Moreover, Plaintiff's

4   allegations indicate that she informed Defendants about that correctional officer's

5   actions after the fact.  And the dangers she told Warden Paramo about were the

6   result of that officer's actions, not the result of her classification with an R-suffix.

7   (ECF No. 1 at 4.)  These allegations do not causally connect Defendants with the

8   threats that Plaintiff allegedly suffered or with any other "atypical and significant

9   hardship." *Sandin v. Conner*, 515 U.S. at 484.  To establish liability under § 1983,

10  a complainant must show at least some causal connection between each Defendant

11  and the alleged constitutional violation.  *Jeffers v. Gomez*, 267 F.3d 895, 915 (9th

12  Cir. 2001).  Williams has failed to satisfy this causality requirement.  Her

13  allegations do not establish that Defendants caused the threats from other inmates

14  that Plaintiff allegedly suffered.

15      Therefore, if Williams's due process claim is based on a purported liberty

16  interest that was allegedly created by the hardship of the other inmates' threats,

17  Williams has failed to allege facts to establish that Defendants deprived her of such

18  an interest, because she has failed to establish a causal connection with Defendants.

19      Williams has thus failed to allege facts to establish that either a current life

20  interest or a liberty interest is at stake in this case. She has therefore failed to

21  adequately plead a due-process violation.  The Court should dismiss Williams's

22  due-process assertion for failure to state a claim.

23  **C.   Williams Failed to State an Eighth Amendment Deliberate-
        Indifference Claim.**

24

25      **1.   The Standard for Pleading Deliberate Indifference.**

26  The Eighth Amendment imposes a duty upon prison officials to provide

27  humane conditions of confinement and to take reasonable measures to guarantee the

28  safety of inmates.  *Helling v. McKinney*, 509 U.S. 25, 31-33 (1993).  But because

6

1   not every injury suffered by an inmate translates into a constitutional claim, *see*

2   *Osolinksi v. Kane*, 92 F.3d 934, 936-37 (9th Cir. 1996), an inmate must satisfy two

3   requirements to establish an Eighth Amendment deliberate-indifference claim:  one

4   objective and one subjective.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

5       Under the objective requirement, an inmate must show an "extreme

6   deprivation."  *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).  As long as the

7   institution provides inmates "with adequate food, clothing, shelter, sanitation,

8   medical care, and personal safety," no Eighth Amendment violation has occurred.

9   *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982).

10       Under the subjective requirement, which relates to the defendant's state of

11   mind, deliberate indifference exists when a prison official "knows of and disregards

12   an excessive risk to inmate health and safety; the official must be both aware of

13   facts from which the inference could be drawn that a substantial risk of serious

14   harm exists, and he must also draw the inference."  *Farmer v. Brennan*, 511 U.S. at

15   837.  A prison official is deliberately indifferent only if he knows that a prisoner

16   faces a substantial risk of serious harm and disregards that risk by failing to take

17   reasonable steps to abate it.  *Farmer v. Brennan*, 511 U.S. at 837.

18       Williams cannot meet either the objective or the subjective requirement, and

19   therefore cannot show that Defendants were deliberately indifferent to her safety.

20         **2.**    **Williams Failed the Objective Standard.**

21       Williams has not alleged any facts to establish that she suffered "extreme

22   deprivation."  She does not allege that she was deprived of adequate food, clothing,

23   shelter, sanitation, or medical care.  *Hoptowit v. Ray*, 682 F.2d at 1246.  And

24   although she alleges that she was in "imminent danger of irreparable harm," she

25   does not allege any facts to support that conclusory statement.  Rather, she alleges

26   only that she received threats from other inmates.  She does not allege any facts to

27   show that she was ever actually in physical danger.  Williams's conclusory

28   statement that she was in "imminent danger of irreparable harm" is nothing more

7

1   than a mere legal conclusion "couched as a factual allegation." *Ashcroft v. Iqbal*,

2   556 U.S. at 678.  Such claims do not survive scrutiny under Rule 12(b)(6).  *Id.*

3   "[T]he tenet that a court must accept as true all of the allegations contained in a

4   complaint is inapplicable to legal conclusions." *Id.*  "Threadbare recitals of the

5   elements of a cause of action, supported by mere conclusory statements, do not

6   suffice." *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 556).  Williams has

7   therefore failed to plead facts to show "extreme deprivation," which is required to

8   show the objective element of deliberate indifference.  *Hudson v. McMillian*, 503

9   U.S. at 9.

10          **3.    Williams Failed the Subjective Standard.**

11          Because Williams has failed to allege facts to show that she was ever at risk of

12   any actual harm or danger, it follows that Defendants could not have known of and

13   disregarded any such risk to Plaintiff.  But even if Defendants ignored the threats

14   Williams alleges, threats do not constitute the type of serious harm that rises to a

15   level sufficient to implicate the principle of deliberate indifference.  Verbal

16   harassment (even verbal harassment by officers) does not rise to the level of a

17   constitutional violation.  *See Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th

18   Cir.1987) (verbal harassment is not sufficient to sustain a section 1983 claim).  Still

19   less should verbal harassment give rise to a constitutional claim when it was done

20   by other inmates – not by Defendants – and under circumstances of which

21   Defendants were unaware.

22          The U.S. Supreme Court has explicitly held that, in contrast to excessive force

23   (which can constitute an Eighth Amendment violation even without a showing of

24   serious harm), deliberate indifference "amounts to an Eighth Amendment violation

25   only if [the inmate's] needs are 'serious.'" *Hudson v. McMillian*, 503 U.S.1, 9

26   (1992).  Williams has not alleged that she actually suffered any harm, nor has she

27   alleged any facts to show that the other inmates who allegedly threatened her were

28   ever in a position to carry out their threats.  Rather, she alleges only that she was in

8

1   the same prison with them.  These allegations do not establish that Defendants

2   knew about and ignored a serious risk of harm to Plaintiff, and such a showing is

3   required to establish the subjective element of deliberate indifference.  *Farmer v.*

4   *Brennan*, 511 U.S. at 837.

5        Williams failed to allege facts to establish either that she was ever at risk of

6   serious harm, or that Defendants knew about and ignored any risk to her of serious

7   harm.  The Court should therefore dismiss Williams's deliberate-indifference

8   assertion for failure to state a claim.

9       **D.**   **Williams Failed to Allege Facts to Establish a Conspiracy.**

10         **1.**   **The Standard for Pleading a Conspiracy**

11        To adequately plead a conspiracy that violates Section 1983, a plaintiff must

12   allege facts that show: (1) an agreement between the defendants to deprive the

13   plaintiff of a constitutional right; (2) an overt act in furtherance of the conspiracy;

14   and (3) a constitutional violation.  *Mendocino Envtl. Ctr. v. Mendocino Cty.*, 192

15   F.3d 1283, 1301 (9th Cir. 1999); *Gilbrook v. City of Westminster*, 177 F.3d 839,

16   856 (9th Cir. 1999); *Vieux v. East Bay Reg'l Park Dist.*, 906 F.2d 1330, 1343 (9th

17   Cir. 1990).  To survive a motion to dismiss, a plaintiff alleging a conspiracy to

18   deprive him of his constitutional rights must include in his complaint non-

19   conclusory allegations containing evidence of unlawful intent, or must face

20   dismissal.  *Harris v. Roderick*, 126 F.3d 1189, 1195 (9th Cir.1997).  Although a

21   conspiracy can be shown by circumstantial evidence, *see Gilbrook v. City of*

22   *Westminster*, 177 F.3d 839, 857-58 (9th Cir. 1999), the ability and opportunity to

23   conspire are insufficient, without more, to prove the existence of a conspiracy.

24   *United Steelworkers of America v. Phelps Dodge*, 865 F.2d 1539, 1547 (9th Cir.

25   1989) (en banc).  The Ninth Circuit applies a heightened pleading standard to

26   conspiracy claims under § 1983 and has held that mere conclusory allegations of

27   conspiracy (*i.e.*, bare allegations that a defendant "conspired" with another) are

28   insufficient to state a claim. *See Harris v. Roderick*, 126 F.3d 1189, 1195 (9th Cir.

9

Mem. Of P. & A. Supp. Defs.' Mot. J. Pleadings (12-cv-00113-BTM-RBB)

1   1997).  "To state a claim for conspiracy to violate one's constitutional rights under

2   section 1983, the plaintiff must state specific facts to support the existence of the

3   claimed conspiracy."  *Burns v. Cnty. of King*, 883 F.2d 819, 821 (9th Cir. 1989)

4   (citing *Coverdell v. Dep't of Soc. & Health Servs.*, 834 F.2d 758, 769 (9th Cir.

5   1987)).

6           **2.    Williams Failed to Meet the Conspiracy Standard.**

7           In Williams's Complaint, she has done nothing more than make conclusory

8   allegations that Defendants conspired with Los Angeles County and the District

9   Attorney to place an R-suffix in her records, thus identifying her as a sex offender.

10  Williams asserts no facts to support her conspiracy claim – no facts to show an

11  agreement among Defendants, Los Angeles County, and the District Attorney, not

12  even facts to show that they ever communicated with one another.  She alleges no

13  facts to show any overt act by Defendants in furtherance of the alleged conspiracy.

14  Indeed, Williams contradicts her own conspiracy theory by asserting in her

15  Complaint that Defendants acted upon information that Los Angeles County

16  officials erroneously placed in her records, and by asserting that she herself was the

17  person who informed Defendants of the error.  (ECF No. 1 at 3.)  If these

18  allegations are true, Defendants did not know about the alleged error until Williams

19  told them, and they therefore could not have conspired with the County.

20          Again, a mere legal conclusion "couched as a factual allegation" will not

21  survive scrutiny under Rule 12(b)(6).  *Ashcroft v. Iqbal*, 556 U.S. at 678.  The

22  Court need not accept conclusory legal statements in the Complaint as true.  *Id*.

23  (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 556).  Williams's conspiracy

24  claim is nothing more than a bare legal conclusion.  The Court should dismiss

25  Williams's conspiracy assertion for failure to state a claim.

26

27

28

**E.   Williams Failed to State a Claim Under State Law for Libel and Slander.**

Williams alleges that Defendants have violated the state tort law of libel and slander.  This charge appears to arise out of Williams's allegation that Defendants incorrectly classified her as a sex offender.  But Williams has failed to allege facts to support a charge of libel or slander against Defendants.

First, Williams has failed to adequately allege slander.  Slander, by definition, is an orally-uttered false statement of various types that causes actual damage.  *See* Cal. Civ. Code § 46; *Nguyen-Lam v. Cao*, 171 Cal. App. 4th 858, 867, 90 Cal. Rptr. 3d 205, 212 (2009).  Williams has not alleged that Defendants made any oral statements about her.  She has therefore failed to allege slander.

Second, Williams has failed to adequately allege libel.  Libel, in contrast to slander, is written.  *Neville v. Chudacoff*, 160 Cal. App. 4th 1255, 1259; 73 Cal. Rptr. 3d 383, 386 n.2 (2008).  By definition, libel is a false and unprivileged publication by writing, printing, picture, effigy, or other fixed representation to the eye, which exposes any person to hatred, contempt, ridicule, or obloquy, or which causes him to be shunned or avoided, or which has a tendency to injure him in his occupation.  Cal. Civ. Code § 45.  Williams's libel allegation appears to be that Defendants wrote documents reflecting their classification of her as a sex offender.  Even assuming the truth of Williams's claim that she is not a convicted sex offender, she has nevertheless failed to adequately allege libel against Defendants, because to constitute libel, the writing in question must have been "unprivileged."  Cal. Civ. Code § 45.  As described by Williams, Defendants' alleged acts of wrongly classifying Williams occurred under circumstances that fall squarely within the statutory definition of "privilege."  For purposes of determining whether a written statement constitutes "libel," the written statement is "privileged" if it was made:

(a) In the proper discharge of an official duty.

11

(b) In any (1) legislative proceeding, (2) judicial proceeding, (3) in any other
official proceeding authorized by law[.]

Cal. Civ. Code § 47(a)(b).

According to Williams's own allegations, Defendants based their classification of her on criminal records generated by Los Angeles County and on information provided by California Law Enforcement Telecommunications Sysytem (CLETS).  (ECF No. 1 at 3.)  They did so in the context of an Institutional Classification Committee meeting.  Cal. Code Regs. tit. 15, § 3272 (inmate classification must be assigned by classification committee).  They relied on this information in the proper discharge of an official duty and in the context of an official proceeding that was authorized (and required) by law.  Cal. Code Regs. tit. 15, § 3375.3.  Indeed, they were specifically required to rely on this particular information.  Cal. Code Regs. tit. 15, § 3375.3 (a)(6).

Defendants' written classification of Williams – even if it is assumed incorrect – was privileged and did not constitute libel, because it was privileged.  Cal. Civ. Code §§ 45, 47(a)(b).  Williams has failed to adequately allege libel.

Finally, because classification is within the scope of Defendants' duties, as discussed above, they are immune under California Government Code § 821.6 from liability for classifying Williams with an R-suffix.  That section states: "A public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause."  Government Code Section 821.6 is not restricted to legally trained personnel but applies to all employees of a public entity, and the section is not limited to suits for damages for malicious prosecution. *Kemmerer v. County of Fresno*, 200 Cal. App. 3d 1426, 1435-36 (1988).  Thus, Defendants are immune.

Because Williams failed to allege either slander or libel, the Court should dismiss her slander/libel assertion for failure to state a claim.

12

### III. WILLIAMS FAILED TO COMPLY WITH THE CALIFORNIA GOVERNMENT CLAIMS ACT.

But even if Williams had stated a slander or libel claim, the Court should dismiss these state tort claims because Williams failed to comply with the California Government Claims Act, as required.

The California Government Claims Act, California Government Code Sections 900 *et seq*., requires that any claim for money or damages against a public entity or public employee be presented first to the Victim Compensation and Government Claims Board.  Cal. Gov't. Code §§ 945.4 and 950.2.  The failure to do so bars the plaintiff from bringing suit against that entity or individual. Cal. Gov't. Code §§ 945.4 and 950.2; *Lozada v. City and County of San Francisco*, 145 Cal. App. 4th 1139, 1150-51 (2006) (citing *State of California v. Superior Court (Bodde)* 32 Cal. 4th 1234, 1237 (2004); *Briggs v. Lawrence*, 230 Cal. App. 3d 605, 612-13, 281 Cal. Rptr. 578, 582 (1991) (claim presentation requirement applies to claims against individual government employees)).  Moreover, a plaintiff must affirmatively allege facts to establish his compliance with this requirement.  *Lozada v. City and County of San Francisco*, 145 Cal. App. 4th at 1150-51; *State of California v. Superior Court (Bodde)*, 32 Cal. 4th at 1237.  These requirements apply to state law claims that are asserted in federal court.  *See Karim-Panahi v. Los Angeles Police Dept*., 839 F.2d 621, 627 (9th Cir. 1988) (citing *Ortega v. O'Connor*, 764 F.2d 703, 707 (9th Cir.1985), rev'd on other grounds, 480 U.S. 709 (1987) (failure to comply with claim-filing requirements imposed by California Government Claims Act bars pendent state claims).

Williams failed to allege in her Complaint that she complied with the requirements of the California Government Claims Act.  Moreover, she has failed to attach any documents to her Complaint to prove that she complied with the requirements of the Act.

In addition, the records of the Victim Compensation and Government Claims Board indicate that Williams did not properly comply with the requirements of the Act. *See* Defendants' Request for Judicial Notice, filed contemporaneously with this motion. Those documents show that Williams presented only one claim to the Board. That claim was improperly presented and was not accepted for processing. It was also unrelated to the claims raised in this case. *Id*. Williams therefore failed to comply with the requirements of the Government Claims Act by properly presenting the claims raised in this case to the Victim Compensation and Government Claims Board before filing this lawsuit.

Because Williams failed to plead or establish her compliance with the requirements of the California Government Claims Act, the Court should dismiss her state tort claims.

## IV.   DEFENDANTS DO NOT HAVE AUTHORITY TO CHANGE WILLIAMS'S RECORDS, AND THE COURT LACKS JURISDICTION TO ISSUE AN INJUNCTION ORDERING THOSE RECORDS CHANGED.

Williams has requested that the Court issue an injunction directing that the "R" suffix be removed from her prison records and the offense of sexual battery be removed from her California Law Enforcement Telecommunications System (CLETS) criminal records. (ECF No. 1 at 7.) As discussed below, Defendants do not have the authority to remove the R-suffix from Williams's prison records or to change her CLETS criminal records, and the Court does not have jurisdiction to order Defendants to take action that they are not authorized to take. Nor does the Court have jurisdiction over any individuals who have that authority, because they are not parties to this case.

Each prison institutional classification committee is required to assign each inmate a classification. Cal. Code Regs. tit. 15, § 3272. In doing so, the committee is required to rely on the inmate's CLETS criminal records. Cal. Code Regs. tit. 15, § 3375.3(a)(6). If the inmate's CLETS criminal records show a particular offense, the classification committee is bound to rely on the presence of that offense in

14

Mem. Of P. & A. Supp. Defs.' Mot. J. Pleadings (12-cv-00113-BTM-RBB)

1    classifying the inmate.  *Id.*  If a sexual offense is reflected on the inmate's record,

2    the classification committee is required to assign an R-suffix to that inmate.  Cal.

3    Code Regs. tit. 15, § 3377.1(b).  The criminal records attached to Williams's

4    Complaint show that she had a sexual offense on her record.  (ECF No. 1 at 12.)

5    The classification committee was therefore required to assign Williams an R-suffix.

6    Cal. Code Regs. tit. 15, § 3377.1(b).  Defendants do not have the authority to

7    change that assignment.

8         Nor do Defendants have the authority to change Williams's CLETS criminal

9    records.  An individual's criminal records are generated by the law enforcement and

10   prosecuting entities that handled the particular criminal charge and by the court in

11   which the individual was tried for that charge.  The CLETS is a statewide system,

12   overseen by the State Department of Justice, which compiles all criminal

13   information and makes it available to all law enforcement agencies. *See* Cal. Govt.

14   Code §§ 15150 – 15167.  The information compiled by CLETS is reported to

15   CLETS by the law enforcement and prosecutorial and judicial entities that

16   generated the original criminal records.  Cal. Penal Code § 13150-13151.1.  An

17   individual's CLETS records are what are commonly referred to as that individual's

18   "rap sheet."  Cal. Code Regs. tit. 15, §§ 2000(86), 5000(b).  The only information

19   that the Department of Corrections provides to CLETS is information about an

20   individual's admission to or release from a detention facility in the Department of

21   Corrections.  Cal. Penal Code § 13152.  For thorough discussions of the history and

22   operation of CLETS and the interaction of the laws and regulations relevant to

23   CLETS, see *People v. Martinez*, 22 Cal. 4th 106, 990 P.2d 563, 91 Cal. Rptr. 2d

24   687 (2000); *People v. Dunlap*, 18 Cal. App. 4th 1468, 23 Cal. Rptr.2d 204 (1993).

25        Because Defendants do not generate any criminal or CLETS records, they do

26   not have the authority to change such records.  Indeed, California law provides a

27   means by which an individual can challenge and seek to change information that is

28   in the CLETS records.  *See* Cal. Penal Code §§ 11120-11127.  Under that system,

15

the individual wishing to challenge and correct information in the CLETS records must submit a request to the Department of Justice. Cal. Penal Code § 11126(a). Either the Department of Justice or the agency or entity that provided the challenged information can correct the information if they concur that the information is erroneous. Cal. Penal Code § 11126(b). If the agency or entity that provided the information denies that the information is erroneous, the matter is referred for administrative adjudication. Cal. Penal Code § 11126(c).

Thus, by law, only the Department of Justice, the reporting agency or entity, or an administrative adjudicator can authorize changes or corrections to CLETS records. Defendants cannot do so, and the Court does not have jurisdiction to issue an injunction directing them to take action that they are not authorized to take. Moreover, because the individuals and agencies who do have the authority to take that action are not parties to this case, this Court does not have jurisdiction to issue an injunction directing them to do so. *Zepeda v. INS*, 753 F.2d 719, 727 (9th Cir. 1985). The Court should therefore deny Plaintiff's request for injunctive relief.

## V.   DEFENDANTS ARE PROTECTED BY QUALIFIED IMMUNITY.

The qualified immunity doctrine protects state officials from suit. *Saucier v. Katz*, 534 U.S. 194, 200 (2001). A state official is entitled to qualified immunity if he or she acts under an objectively reasonable, even if mistaken, belief that his or her conduct is lawful. *Guerra v. Sutton*, 783 F.2d 1371, 1374 (9th Cir. 1986). In determining whether qualified immunity is available, the courts engage in two inquiries. They ask, on one hand, whether a constitutional right would have been violated under the facts alleged. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). "If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." *Id*. If a constitutional violation is alleged, the courts address the question of whether the constitutional right was so clearly established that a reasonable official would understand that what he or she was doing violated that right. *Id*. at 201-02. The

16

1  state official should prevail if the right asserted by the plaintiff was not clearly

2  established or if the officer reasonably believed that his conduct complied with the

3  law.  *Pearson v. Callahan*, 552 U.S. 223, 243-44 (2009).

4      Because, as discussed above, Williams failed to allege facts that would

5  establish any constitutional violation by Defendants, the qualified immunity inquiry

6  could end there, under *Saucier*.

7      But even if the Court undertakes the other inquiry, the Court should find that

8  Defendants are protected by qualified immunity.  The facts, as alleged by Williams

9  herself, describe only actions that Defendants could reasonably have believed were

10 lawful.  The actions Williams specifically alleges are:  classifying her based on

11 information in her CLETS criminal records, not changing her classification based

12 on her representations, and not taking any action based on her complaint that other

13 inmates were verbally harassing her.  As discussed above, none of these actions was

14 unlawful.  Defendants were required by law to rely on Williams's CLETS criminal

15 records in classifying her.  They did not have authority to change her classification

16 based on her representations rather than on the basis of the information in the

17 CLETS criminal records.  They also did not have the authority to change her

18 CLETS criminal records.  And the mere allegation of verbal harassment did not

19 require Defendants to take any action.  Defendants reasonably believed that their

20 actions, as alleged by Williams, were lawful.

21     In light of these facts, the Court should find that Defendants are protected by

22 qualified immunity.

23                          **CONCLUSION**

24     Williams's deliberate-indifference claim is moot, and she has suffered no

25 damage.  She also failed to state cognizable constitutional violations or violations

26 of state tort law, and she failed to exhaust her state tort claims.  The Defendants

27 lack authority to change Williams's records as she has requested, and the Court

28 lacks jurisdiction to order them changed.  Finally, Defendants are protected by

17

Mem. Of P. & A. Supp. Defs.' Mot. J. Pleadings (12-cv-00113-BTM-RBB)

1    qualified immunity.  For all of these reasons, the Court should enter a judgment on

2    the pleadings in favor of Defendants.

3

4    Dated:  July 25, 2017                          Respectfully Submitted,

5                                                   XAVIER BECERRA
                                                    Attorney General of California
6                                                   MICHELLE DES JARDINS
                                                    Supervising Deputy Attorney General
7
                                                    /s/ Suzanne Antley
8                                                   SUZANNE ANTLEY
                                                    Deputy Attorney General
9                                                   Attorneys for Defendants Marrero,
                                                    Olson, and Paramo
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26   SD2012803118
     81762213.doc
27

28

                                              18

# CERTIFICATE OF SERVICE

Case Name:  **Lonnie Williams v. D. Paramo,**          No.    **12-cv-00113-BTM-RBB**
                      **et al.**

I hereby certify that on July 25, 2017, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**Memorandum of Points and Authorities in Support of Defendants'**
**Motion for Judgment on the Pleadings**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that one of the participants in the case is not a registered CM/ECF user. On July 25, 2017, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, to the following non-CM/ECF participant:

Lonnie Williams
T-54378
California State Prison - Sacramento
P.O. Box 290066
Represa, CA 95671-0066

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on July 25, 2017, at San Diego, California.

|  Suzanne Antley  |  /s/ *Suzanne Antley*  |
|:---:|:---:|
| Declarant | Signature |

SD2012803118
81761702.doc