UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE WILLIAMS,<br>CDCR #T-54378,<br><br>                    Plaintiff,<br>vs.<br><br>DANIEL PARAMO, et al.<br>                    Defendants. | Case No.: 3:12-cv-00113-BTM-RBB<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** |

      Lonnie Williams, Plaintiff, is a state inmate who currently resides at the California State Prison - Sacramento ("CSP") located in Represa, California. When Plaintiff initially filed this action on January 12, 2012, she was incarcerated at the Richard J. Donovan Correctional Facility ("RJD") but she was subsequently transferred to CSP in April of 2012. Plaintiff has been housed at CSP since April of 2012.

/ / /

On August 21, 2017, Plaintiff filed a "Notice and Motion for Injunctive and Declaratory Relief." (Doc. No. 74.) Defendants have filed an Opposition to this Motion. (Doc. No. 75.)

## I. Plaintiff's Motion for Preliminary Injunction

Procedurally, a federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend."). The court may not attempt to determine the rights of persons not before it. *See, e.g., Hitchman Coal & Coke Co. v. Mitchell*, 245 U.S. 229, 234-35 (1916); *Zepeda v. INS*, 753 F.2d 719, 727-28 (9th Cir. 1983). Pursuant to Federal Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." FED. R. CIV. P. 65(d)(2)(A)-(C).

The matter before this Court involves Plaintiff's allegations against various prison officials when she was housed at RJD prior to April of 2012. (*See* Compl., Doc. No. 1, at 1-2.) However, in her current Motion, she claims that she is in "constant and continuing imminent dangers based on the defendants and CSP - Sacramento, and CDCR officials, DOJ, District Attorneys, etc." (Pl.'s Mot., Doc. No. 74, at 2.) Plaintiff seeks injunctive relief in the form of "ordering the California Department of Justice (DOJ) to expunge and remove" a variety of documents from "Plaintiff's criminal history reports." (*Id.* at 6.) Plaintiff also seeks an order directing "Defendants and CDCR officials to discontinue all "R" suffix labelling and placements upon the Plaintiff in the Plaintiff's central files." (*Id.*)

/ / /
/ / /

First, as Defendants note in their Opposition, the "California Department of Justice" and unnamed "CDCR officials" are not parties to this action. Defendants also maintain that two of the named Defendants in this action are retired and all are "affiliated" with RJD, not CSP. (Defs.' Opp'n, Doc. No. 75, at 2.) The Court cannot grant Plaintiff injunctive relief because it has no personal jurisdiction over the California Department of Justice or unnamed CDCR officials at CSP. *See* FED. R. CIV. P. 65(a)(1), (d)(2); *Murphy Bros., Inc.*, 526 U.S. at 350; *Zepeda*, 753 F.2d at 727-28. A district court has no authority to grant relief in the form of a temporary restraining order or permanent injunction where it has no jurisdiction over the parties. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) ("Personal jurisdiction, too, is an essential element of the jurisdiction of a district ... court, without which the court is powerless to proceed to an adjudication.") (citation and internal quotation omitted).

Substantively, "'[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Glossip v. Gross*, __ U.S. __, 135 S. Ct. 2726, 2736-37 (2015) (quoting *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008)). "Under *Winter*, plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

Plaintiff has been housed at CSP since April of 2012. Since that time, Plaintiff has filed twenty one (21) conditions of confinement actions in the Eastern District of California relating to various claims of harassment, threats, assaults and allegations of poisoning by CSP prison officials.[1] A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a

---

[1] *See* PACER Case Locator, https://pcl.uscourts.gov/search (website last visited August 30, 2017.)

direct relation to matters at issue.'" *Bias v. Moynihan,* 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)).

In the Motion before this Court, she claims that CSP "prison officials and inmates are constantly attacking Plaintiff with physical force, constant threats of harm." (Pl.'s Mot. at 2.) If Plaintiff wishes to proceed on these claims, she should file a complaint in the Eastern District of California.

## II. Conclusion and Order

Good cause appearing, the Court:

**DENIES** Plaintiff's Motion for Preliminary Injunction (Doc. No. 74) without prejudice.

**IT IS SO ORDERED**.

Dated: September 7, 2017

HON. BARRY TED. MOSKOWITZ
Chief District Judge