UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>D. PARAMO, et al.,<br><br>Defendants. | Case No.: 12cv113-BTM (RBB)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR A HEARING DATE [ECF NO. 91] AND MOTION TO COMPEL COMPLIANCE WITH SUBPOENAS [ECF NO. 84]** |

Plaintiff's "Motion (Within Thirty (30) Days), for an Order of Compliance with Plaintiff's Subpoena's [sic]" (the "Motion to Compel") with several exhibits was filed nunc pro tunc to September 15, 2017 [ECF Nos. 83, 84]. On September 22, 2017, Defendants filed an "Opposition to Plaintiff's Motion for Order of Compliance with Plaintiff's Subpoenas" [ECF No. 87]. On October 10, 2017, Williams filed a Reply [ECF No. 94]. Plaintiff also filed a motion seeking, inter alia, an order for a hearing date on the Motion to Compel ("Motion for a Hearing Date"), which was filed nunc pro tunc to September 29, 2017 [ECF Nos. 90, 91]. For the reasons discussed below, the Motion for a Hearing Date [ECF No. 91] and the Motion to Compel [ECF No. 84] are **DENIED**.

/ / /

1

## I. FACTUAL BACKGROUND

On January 12, 2012, Plaintiff, proceeding pro se, commenced this action pursuant to 42 U.S.C. § 1983, against prison officials Paramo, Olson, and Marrero of the Richard J. Donovan Correctional Facility ("RJD") in San Diego, and against the County of Los Angeles. (Compl., ECF No. 1.) Williams alleges that on January 5, 2012, Paramo conspired with Olson, Marrero, Los Angeles County, and the District Attorney, by placing an "R" suffix in her prison records[1] "alleging that on 8-26-91, 8-27-91, and 8-29-91, the [P]laintiff (under juvenile court case number TJ01103) . . . was . . . convicted and . . . pleaded guilty to [California] Penal Code [section] 243.4 sexual battery . . . ." (Id. at 3.) Plaintiff asserts that she was "never found guilty" of a sexual battery and there was an error in court records reflecting that she had a sex offense on her juvenile record. (Id.) She claims that as a result of being designated as a convicted sex offender, she began "receiving threats of harm" from prison gang members. (Id. at 4.) Williams contends that she attempted to inform Paramo that she was in imminent danger of injury and death, but Paramo disregarded her complaint. (Id.) Plaintiff further maintains that she tried to file a grievance on January 5, 2012, but Correctional Counselor R. Cobb refused to file her grievance and rejected her appeal. (Id. at 5.) She alleges violations of the Due Process Clause of the Fourteenth Amendment, the Eighth Amendment's prohibition of deliberate indifference, state law prohibitions against slander and libel, and conspiracy. (Id. at 3-5.) Williams seeks an injunction directing that the "R" suffix be removed from her prison records and that the offense of sexual battery be removed from her California

---

[1] California Code of Regulations section 3377.1(b) provides that "[a]n 'R' suffix shall be affixed to an inmate's custody designation to ensure the safety of inmates, correctional personnel, and the general public by identifying inmates who have a history of specific sex offenses as outlined in Penal Code (PC) Section 290." Cal. Code Regs. tit. 15, § 3377.1(b) (West 2017).

| | |
|---|---|
| 1 | Law Enforcement Telecommunications System ("CLETS") criminal records, $20 million |
| 2 | in damages, $10 million in punitive damages, and other fees and costs. (Id. at 7.) |

## II. PROCEDURAL BACKGROUND

On January 30, 2013, Defendants filed a motion for judgment on the pleadings. (ECF No. 24.) On May 29, 2013, the Court granted the motion, dismissed the case without prejudice, and entered a judgment for Defendants. (ECF Nos. 28, 29.) On June 4, 2013, Plaintiff filed late objections to Defendants' motion for judgment on the pleadings, which the Court construed as a motion for reconsideration, and denied Plaintiff's motion on September 3, 2017. (ECF Nos. 31, 39.) Williams timely appealed, and on January 7, 2015, the Ninth Circuit Court of Appeal issued an opinion reversing this Court's order granting Defendants' motion for judgment on the pleadings for failure to exhaust administrative remedies, and remanding the case for further proceedings. Williams v. Paramo, 775 F.3d 1182 (9th Cir. 2015).

On June 22, 2017, the Court issued a "Further Scheduling Order Regulating Discovery and Other Pre-Trial Proceedings." (ECF No. 66.) The order set August 7, 2017, as the deadline for the completion of fact discovery, and November 27, 2017, as the deadline for the completion of expert discovery. (Id. at 1-3.) On September 5, 2017, Plaintiff attempted to issue a subpoena directed to California State Prison-Sacramento, Correctional Counselor II, Litigation Coordinator, T. Kraemer. (Mot. Compel 7, ECF No. 84.) The subpoena requested the production of the following: "Departmental Operational Procedure (DOM's), volume's [sic] 1-5, CSP-Sacramento Operational Procedure, CDCR-128-B, chrono dated: 11-30-2011, CDCR-128-B-chrono, dated: 12-14-2011, Juvenile #: J123758, and Juvenile #: TJ01103 convictions and abstracts of Justice's [sic], Highland P/D arrest reports dated: 8-26-1991, completed CDCR-1432 dated: 9/5/17." (Id.)

T. Kraemer responded on September 7, 2017, that Plaintiff's "subpoena delivered on September 6, 2017, to California State Prison-Sacramento in Represa, California" was invalid because it was improperly issued. (Id. at 6.) Plaintiff was advised that the

California Department of Corrections and Rehabilitation ("CDCR") was formally objecting to her "subpoenas", "[did] not acknowledge receipt of these subpoenas," and would not produce "the documents requested in the subpoena." (Id.)

Plaintiff completed a "Section A: Inmate/Parolee Request," which enclosed the subpoena that is the subject of this motion, and a "CDCR-1432, Request to Inspect Public Records," both dated September 5, 2017. (Id. at 4, 7.) She alleged that on August 31, 2017, she sent a CDCR-22 form to Correctional Counselor II, J. Coburn, and "(AW) R. Meier" seeking the Olsen Reviews of her C-files, but did not receive any response. (Id.) On September 6, 2017, T. Kraemer responded that Williams "may request an Olsen review and any copies from [her] assigned counselor," and referenced the "attached responses to [Plaintiff's] subpoena and Public Records Act request." (Id.) Further, in a letter dated September 7, 2017, T. Kraemer stated that the CDCR reviewed Plaintiff's request and partially granted it pursuant to the California Public Records Act. (Id. at 5.) Williams was advised that "[i]nmate C-file records [were] exempt from the mandate to be released as a public record due to inmate privacy laws[,]" but she "may request . . . C-file documents from [her] assigned counselor via an [Olsen] Review." (Id.) With respect to juvenile court documents, Plaintiff was informed that they were not located in her C-file and had to be "request[ed] . . . directly from the respective courts." (Id.)

### III. DISCUSSION

#### A. Motion for a Hearing Date

Plaintiff asks the Court to set a hearing date on her Motion to Compel. (ECF No. 91.) In its September 20, 2017 Minute Order setting the briefing schedule on the Motion to Compel, the Court stated the following: "The Court will schedule a hearing on the motion, if appropriate. Absent further order, the Court will rule on this motion without oral argument. See S.D. Cal. Civ. R. 7.1(d)(1)." (ECF No. 85.)

Civil Local Rule 7.1(d)(1) provides that "[m]otions must be determined upon the moving papers referred to herein and oral argument[,]" and "[a] judge may, in the judge's discretion, decide a motion without oral argument." S.D. Cal. Civ. R. 7.1(d)(1). Having

reviewed the moving papers submitted by Plaintiff and Defendants, the Court exercises its discretion and finds that the Motion to Compel is suitable for resolution without oral argument. See id. Accordingly, the Court **DENIES** Plaintiff's Motion for a Hearing Date.

### B. Motion to Enforce Compliance with Subpoenas

Plaintiff seeks an order compelling California State Prison-Sacramento, Correctional Counselor II, J. Coburn; Litigation Coordinator, T. Kraemer; and CDCR General Counsel, Patrick R. McKinney, II, to comply with her "repeated" subpoenas and discovery requests.[2] (Mot. Compel 1, ECF No. 84.) In support of her motion, Williams references the Court's June 22, 2017 "Scheduling Order Regulating Discovery and Other Pretrial Proceedings." (Id. (citing Case Management Conference Order, ECF No. 66).) She also provides copies of a subpoena and "Section A: Inmate/Parolee Request," both dated September 5, 2017, and California State Prison-Sacramento, Correctional Counselor II, Litigation Coordinator, T. Kraemer's responses to both documents. (Id. at 4, 7-8.)

Defendants ask the Court to deny the motion and argue that Plaintiff's "subpoenas" are invalid because they were issued by Williams, who is not "the court clerk or an attorney," and because the subpoenas were served by mail, as opposed to personal service. (Opp'n 1-2, ECF No. 87 (citing Fed. R. Civ. P. 45(a)(3), (b)(1).) Defendants also contend that the Plaintiff seeks to enjoin individuals and an entity that are not parties to this case; consequently, the Court lacks jurisdiction to compel them to take any action. (Id. at 2.)

Plaintiff replies that the Court should construe her pleadings liberally and provide her "the same constitutional rights" and powers as Defendants' attorneys. (Reply 1-2,

---

[2] Although Plaintiff seeks to compel compliance with her "discovery requests," she has not provided any copies of her requests for production, interrogatories, or any other discovery requests. (See Mot. Compel 1-12, ECF No. 84; Opp'n 1-3, ECF No. 87.)

ECF No. 94.) She asserts that she has authority to issue valid subpoenas because she is proceeding pro se, is incarcerated, and can only serve subpoenas by mail. (Id. at 3.) Williams also states that she was not provided with any "certified and stamped" subpoenas when the Court issued its June 22, 2017 scheduling order. (Id.) Finally, she appears to allege that the individuals and entities referenced in her motion are "enjoined to this action" as a result of their "continued" actions, and because they possess evidence pertaining to Defendants' actions and their actions. (See id.) For these reasons, Williams asks the Court to grant her motion. (Id. at 1, 4.)

As a preliminary matter, Plaintiff mentions multiple subpoenas that she allegedly issued and served [Mot. Compel 1, ECF No. 84; Reply 1, ECF No. 94], but has provided a copy of only one subpoena dated September 5, 2017 [Mot. Compel 7-8, ECF No. 84]. Similarly, although Defendants reference Williams's "subpoenas," they specifically address only the September 5, 2017 subpoena. (Opp'n 1-2, ECF No. 87.) Because the parties have not provided the Court with any information concerning other subpoenas allegedly issued by Plaintiff, the Court will focus its analysis on the September 5, 2017 subpoena.

The Court also notes that its June 22, 2017 "Further Scheduling Order Regulating Discovery and Other Pre-Trial Proceedings" set August 7, 2017, as the deadline for the completion of fact discovery. (ECF No. 66 at 2-3.) The order specifically provides, in relevant part, that "discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that** [discovery] **may be completed** by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure." (Id. at 1.) The deadline has passed, and Plaintiff did not file a motion seeking an extension of the fact discovery cutoff date for the purpose of serving her September 5, 2017 subpoena.

Turning to the merits of the Motion to Compel, a subpoena may command a nonparty "to produce documents, electronically stored information, or tangible things." Fed. R. Civ. P. 45(a)(1)(C). The subpoena is subject to the relevance requirements set

forth in Rule 26(b) and may require the production of documents which are "nonprivileged" and "relevant to any party's claim or defense and proportional to the needs to the case." Fed. R. Civ. P. 26(b)(1).

Federal Rule of Civil Procedure 45 provides that "[t]he clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it. That party must complete it before service. An attorney also may issue and sign a subpoena if the attorney is authorized to practice in the issuing court." Fed. R. Civ. P. 45(a)(3). Plaintiff's subpoena was signed by "Ms. Lonnie M. Williams-Turner, #T54378 (plaintiff)." (Mot. Compel 7, ECF No. 84.) Although Williams is proceeding pro se, she is not admitted to practice law and is not an officer of the Court authorized to sign and issue a valid subpoena. The September 5, 2017 subpoena was not validly issued. See Fed. R. Civ. P. 45(a)(3); see also Cramer v. Target Corp., No. 1:08–CV–1693–OWW–SKO, 2010 WL 1791148, at *1 (E.D. Cal. May 4, 2010) (noting that a pro se plaintiff was "not an officer of the Court authorized to sign and issue a subpoena pursuant to Fed. R. Civ. P. 45(a)(3)[]"); Gonzales v. Alameida, No. CV F 06 1417 OWW WMW P, 2008 WL 161996, at *1 (E.D. Cal. Jan. 16, 2008) ("[A] party appearing in pro per can not issue a subpoena."); Jackson v. Woodford, Civil No. 05cv513 L(NLS), 2007 WL 2023551, at *1, 3 (S.D. Cal. July 11, 2007) (finding that subpoenas were not properly issued, where the clerk of court sent the subpoena forms to a pro se plaintiff, but did not sign and issue the subpoenas).

Service of a subpoena is governed by Federal Rule of Civil Procedure 45(b)(1) which states that a subpoena may be served by "[a]ny person who is at least 18 years old and not a party," and "[s]erving a subpoena requires delivering a copy to the named person . . . ." Fed. R. Civ. P. 45(b)(1). "[T]he in forma pauperis (IFP) statute provides that officers of the court will issue and serve all process in IFP actions . . . [and serve] a subpoena on behalf of an IFP party." 9 James Wm. Moore et al., Moore's Federal Practice § 45.20, at 45-43 (3d ed. 2017) (footnotes omitted); see also 28 U.S.C.A. § 1915(d) (West 2006) (providing that in cases where a party is proceeding in forma

pauperis, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases[]"); James v. Scribner, No. 1:04-CV-5878 LJO DLB P, 2008 WL 3318879, at *1 (E.D. Cal. Aug. 11, 2008) ("As plaintiff is proceeding pro se and in forma pauperis, he is entitled to service of the subpoena by the United States Marshal [pursuant to 28 U.S.C. §1915(d)]."). Because Williams served the September 5, 2017 subpoena herself and did so by mail, the subpoena was improperly served. See Fed. R. Civ. P. 45(b)(1); see also Jackson, 2007 WL 2023551, at *3 (finding improper service of subpoenas, where, inter alia, a prisoner proceeding pro se and in forma pauperis served the subpoenas himself); Cramer, 2010 WL 1791148, at *1-2 (finding improper service of subpoenas where a prisoner proceeding pro se and in forma pauperis attempted to serve the subpoenas himself by mail).

The Court finds that the September 5, 2017 subpoena was not properly issued and served and **DENIES** Plaintiff's Motion to Compel. See Fed. R. Civ. P. 45(a)(3), (b)(1); see also Jackson, 2007 WL 2023551, at *3 (denying pro se plaintiff's motion to compel compliance with improperly issued and served subpoenas).

## IV. CONCLUSION

For the reasons set forth above, it is **HEREBY ORDERED** that Plaintiff's Motion for a Hearing Date [ECF No. 91] and Motion to Compel [ECF No. 84] are **DENIED**.

**IT IS SO ORDERED.**

Dated: November 2, 2017

Hon. Ruben B. Brooks
United States Magistrate Judge