UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE WILLIAMS,<br>CDCR #T-54378,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>DANIEL PARAMO, et al.<br>　　　　　　　　　　Defendants. | Case No.: 3:12-cv-00113-BTM-RBB<br><br>**ORDER DENYING PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTION**<br><br>**(Doc. Nos. 99, 101, 105)** |

**I.　Procedural History**

Lonnie Williams, Plaintiff, is a state inmate who currently resides at the California State Prison - Sacramento ("CSP") located in Represa, California. When Plaintiff initially filed this action on January 12, 2012, she was incarcerated at the Richard J. Donovan Correctional Facility ("RJD") but she was subsequently transferred to CSP in April of 2012. Plaintiff has been housed at CSP since April of 2012.

1

On August 21, 2017, Plaintiff filed a "Notice and Motion for Injunctive and Declaratory Relief." (Doc. No. 74.) Defendants filed an Opposition to this Motion. (Doc. No. 75.) The Court denied Plaintiff's Motion without prejudice and Plaintiff has since filed a Notice of Appeal to the Ninth Circuit Court of Appeals.[1] (Doc. Nos. 76, 82.) Currently before the Court are two "Motions for Injunctive and Declaratory Relief" and a "Motion for Injunctive and Declaratory Relief and Physical Access to the Law Library and Court." (Doc. Nos. 99, 101, 105.) Defendants have filed two Oppositions. (Doc. Nos. 103, 106.)

## II. Plaintiff's Motions for Preliminary Injunction

As stated in the Court's September 7, 2017 Order, procedurally, a federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend."). The court may not attempt to determine the rights of persons not before it. *See, e.g., Hitchman Coal & Coke Co. v. Mitchell*, 245 U.S. 229, 234-35 (1916); *Zepeda v. INS*, 753 F.2d 719, 727-28 (9th Cir. 1983). Pursuant to Federal Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." FED. R. CIV. P. 65(d)(2)(A)-(C).

The first Motion filed by Plaintiff on October 17, 2017 (Doc. No. 99) contains the same allegations and the same request for injunctive relief brought in the previous preliminary injunction motion which was denied by this Court. That is the matter that is

---

[1] Plaintiff's appeal is subject to a pre-filing order by the Ninth Circuit which is not yet reached a determination whether Plaintiff will be permitted to proceed with the appeal.
*See* https://pcl.uscourts.gov/search (website last visited Oct. 27, 2017)

currently on appeal before the Ninth Circuit. The Court is divested of jurisdiction to alter, amend or modify the September 7, 2017 Order due to the filing of the notice of appeal. *See Pope v. Sav. Bank of Puget Sound*, 850 F.2d 1345m 1347 (9th Cir. 1988). Thus, the Court DENIES Plaintiff's request for all the reasons set forth in the Court's September 7, 2017 Order.

In the second Motion filed by Plaintiff on October 19, 2017 (Doc. No. 101), she claims that she has been denied access to the CSP law library in violation of her right to access to the courts.[2] (Doc. No. 101 at 2.) Plaintiff has attached as exhibits a "Priority Library User (PLU) Request and Declaration" form and the case scheduling order issued by Magistrate Judge Ruben B. Brooks on June 22, 2017. (*Id.* at 7-15.) Defendants have filed an Opposition to this Motion. (Doc. No. 103.)

First, the Court has no personal jurisdiction over prison officials at CSP as they are not parties to this action and therefore, cannot grant the injunctive relief requested. *See* FED. R. CIV. P. 65(a)(1), (d)(2); *Murphy Bros., Inc.*, 526 U.S. at 350; *Zepeda*, 753 F.2d at 727-28.

Second, as the Defendants correctly note, Plaintiff's own exhibits indicate that she requested library access in October 3, 2017 indicating that she had a deadline of December 11, 2017 to perform "discovery." (Doc. No. 101 at 7.) However, the scheduling order, which Plaintiff has also attached to her Motion, clearly states that discovery was to have been *completed* by August 7, 2017. (*Id.* at 9.) This is two months before Plaintiff sought library access. The only scheduled date in December is a deadline for filing pre-trial motions. (*Id.* at 11.) Moreover, Plaintiff was denied access, at this time, for the reason that the deadline she provided was "too far in the future." (*Id.* at 7.) There is nothing in the record that would indicate that Plaintiff would not be permitted

---

[2] Plaintiff appears to raise new claims of retaliation and access to courts in this Motion. However, because these claims have arisen at her current place of incarceration and are unrelated to this action, Plaintiff would need to file a new and separate action in the Eastern District of California.

access at a later date. For all these reasons, the Court DENIES Plaintiff's Motion for "Physical Access to the Law Library" without prejudice.

Plaintiff's third Motion for injunctive relief seeks an order directing "the California Department of Justice (DOJ) to provide the Plaintiff with her complaint challenging the (DOJ) to correct the Plaintiff's criminal history records." (Doc. No. 105 at 1-2.) In addition, Plaintiff seeks an order to "provide the Plaintiff with her criminal history records/reports, and the Plaintiff's California Law Enforcement Telecommunications System (CLETS)." (*Id.* at 2.) Finally, Plaintiff seeks an order requiring Defendants to provide her with the "Plaintiff's appeal log #RJD-B-11-00800" which she claims "Defendants refused to return to the Plaintiff for trial purposes and evidence." (*Id.*)

The Court has previously informed Plaintiff that it does not have personal jurisdiction over the California Department of Justice in this matter and thus, cannot grant her request for injunctive relief. (*See* Doc. No. 76 at 3.) A district court has no authority to grant relief in the form of a temporary restraining order or permanent injunction where it has no jurisdiction over the parties. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) ("Personal jurisdiction, too, is an essential element of the jurisdiction of a district ... court, without which the court is powerless to proceed to an adjudication.") (citation and internal quotation omitted).

Plaintiff's request for a copy of her administrative appeal is DENIED as moot as Defendants have attached a copy of the appeal to their Opposition. (Doc. No. 106 at 5-6.)

### III. Conclusion and Order

Good cause appearing, the Court:

**DENIES** Plaintiff's Motions for Preliminary Injunction (Doc. Nos. 99, 101, 105) without prejudice. **IT IS SO ORDERED**.

Dated: November 6, 2017

Barry Ted Moskowitz, Chief Judge
United States District Court

4

3:12-cv-00113-BTM-RBB