UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE WILLIAMS,<br>CDCR #T-54378,<br><br>                            Plaintiff,<br><br>vs.<br><br>DANIEL PARAMO; R. OLSON;<br>E. MARRERO,<br><br>                           Defendants. | Case No.: 3:12-cv-00113-BTM-RBB<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>**[ECF No. 67]** |

**I.    Procedural History**

      Lonnie Williams ("Plaintiff"), currently incarcerated at the California State Prison - Sacramento ("CSP-SAC") located in Represa, California, is proceeding in pro se and in forma pauperis ("IFP") in this civil rights action filed pursuant to 42 U.S.C. § 1983. Currently pending before the Court is Defendants' Motion for Judgment on the Pleadings to Fed. R. Civ. P. 12(c). (ECF No. 67.) Plaintiff has filed an Opposition to

Defendants' Motion. (ECF No. 69.) The Court has determined that Defendants' Motion is suitable for disposition upon the papers without oral argument and that no Report and Recommendation from Magistrate Judge Ruben B. Brooks is necessary. See S.D. Cal. CivLR 7.1(d)(1), 72.3(e).

Defendants have also filed a "Request for Judicial Notice in Support of Motion for Judgment on the Pleadings." (ECF No. 67-1.) Specifically, Defendants request that the Court take judicial notice of the records from the "Victim Compensation and Government Claims Board" relating to claims presented by Plaintiff. (*Id.*) Federal Rules of Evidence 201 provides, in part, that the Court may take judicial notice of facts that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201(b)(2). While Plaintiff appears to object to the relevancy of these documents, she does not dispute the accuracy of these records in her Opposition. Therefore, the Court GRANTS Defendants' Request for Judicial Notice.

## II. Factual Background

In her Complaint, Plaintiff alleges that Defendants Daniel Paramo, R. Olson and E. Marrero entered into a conspiracy on January 5, 2012 by placing an "R" suffix in Plaintiff's file. (*See* Compl. at 3.) Plaintiff contends that she was "never convicted of sexual battery" and that there was an error made in court records from a previous criminal conviction when she was a juvenile. (*Id.*) On January 5, 2012, Plaintiff contends that she informed Defendants that another correctional officer "told several inmates (in my presence) that I was/am a convicted sex offender." (*Id.* at 4.) As a result, Plaintiff alleges she began "receiving threats of harm" from prison gang members. (*Id.*)

In response to Plaintiff's attempt to "inform Daniel Paramo that I am in imminent danger," she claims Defendant Paramo stated "So what! That is not my problem! That is your problem!" (*Id.*) On this same day, January 5, 2012, Plaintiff alleges that she "attempted to file a grievance as to all allegations raised in this civil action" but Correctional Counselor Cobb "rejected the appeal and refused to file the grievance." (*Id.* at 5.) She further alleges that Cobb "refused to allow plaintiff to grievance the 'R' suffix

or the defendants actions." (*Id.*) Five days later, on January 10, 2012, Plaintiff filed this action.

**III. Motion for Judgment on the Pleadings Fed.R.Civ.P. 12(c)**

Defendants move for judgment on the pleadings on the grounds that: (1) Plaintiff's Eighth Amendment failure to protect claim is moot; (2) Plaintiff has failed to state a cognizable claim; (3) Plaintiff failed to comply with the California Government Claims Act; (4) Defendants do not have authority to change Plaintiff's past criminal records; and (5) Defendants are entitled to qualified immunity. (Defs. Ps & As In Supp. of Mtn. for Judg. on the Pldgs at 8.)

**A. Standard of Review**

Federal Rule of Civil Procedure 12(c) provides: "[a]fter the pleadings are closed - but early enough not to delay trial - a party may move for judgment on the pleadings." Fed.R.Cvi.P. 12(c). Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved. *Hal Roach Studios, Inc. v. Richard Feiner and Co.*, 896 F.2d 1542, 1550 (9th Cir. 1990).

"A judgment on the pleadings is properly granted when, taking all the allegations in the pleading as true, the moving parties are entitled to judgment as a matter of law." *Smith v. National Steel & Shipbuilding Co.*, 125 F.3d 751, 753 (9th Cir. 1997); *George v. Pacific-CSC Work Furlough*, 91 F.3d 1227, 1229 (9th Cir. 1996) (citing *Yanez v. United States*, 63 F.3d 870, 872 (9th Cir. 1995)).

**B. Eighth Amendment claims**

Plaintiff alleges she informed Defendants Paramo, Olson, and Marrero that Correctional Officer Marquez "told several inmates (in my presence) that I was/am a convicted sex offender." (Compl. at 4.) As a result, Plaintiff claims to receive "threats of harm from two-five gang members and taunts, harassments, and safety concerns." (*Id.*) Plaintiff further claims that she specifically informed Defendant Paramo that she was "in imminent danger of irreparable harm, injuries and death by the two-five gang members."

(*Id.*) Plaintiff claims to have been threatened and was told "they will get" her for "being allegedly a sex offender." (*Id.*) In response, Plaintiff alleges Defendant Paramo stated "So what! That is not my problem! That is your problem!." (*Id.*)

Defendants argue that Plaintiff was never physically harmed while housed at RJD and is "no longer in danger from inmates who may have threatened her" at RJD. (Defs. Ps & As In Supp. of Mtn. for Judg. on the Pldgs at 9.) Plaintiff notified the Court on April 17, 2012 that she had been transferred to California State Prison - Sacramento ("CSP - SAC").[1] Plaintiff is currently housed at CSP-SAC[2] and a review of the docket indicates that she has not notified the Court of being housed at any other location since April 17, 2017.

Defendants argue that she has not alleged that she was physically harmed at RJD and therefore, her Eighth Amendment claim should be deemed moot because it has "lost its character as a present, live controversy." (Defs. Ps & As In Supp. of Mtn. for Judg. on the Pldgs at 9 citing *Flast v. Cohen*, 392 U.S. 83, 95 (1968).) Because Plaintiff has not alleged that she suffered actual harm while at RJD, she cannot meet a "necessary element of deliberate indifference." (*Id.*; citing *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).)

Prison officials have a duty under the Eighth Amendment to avoid excessive risks to inmate safety. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To state a claim under the Eighth Amendment, Plaintiff must allege Defendants were "deliberate[ly] indifferen[t]" to "conditions posing a substantial risk of serious harm." *Id.* Deliberate indifference is more than mere negligence, but less than purpose or knowledge. *See id.* at 836.

///
///

---

[1] Plaintiff filed a Notice of Change of Address in *Williams v. Paramo, et al.*, S.D. Cal. Civil Case No. 3:12-cv-0025-AJB-WMc (ECF No. 8).
[2] *See* http://inmatelocator.cdcr.ca.gov/search.aspx (website last visited September 20, 2017)

A prison official acts with deliberate indifference only if he "knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

The Court agrees with Defendants that Plaintiff's claims for injunctive relief against RJD Defendants are moot in light of her transfer to a different institution. *See Dilley v. Gunn*, 64 F.3rd 1365, 1368 (9th Cir. 1995) (An inmate's transfer to a different prison while conditions of confinement claims are pending moot any claims for injunctive relief.)

In her Complaint, Plaintiff alleges that Defendant Marquez told other inmates that she was a "convicted sex offender" which led to "threats of harm from two-five gang members." (Compl. at 4.) Plaintiff does not provide any factual allegations of suffering a physical injury while incarcerated at RJD. Plaintiff cannot recover monetary damages for a "mental or emotional injury" without a "prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e). While Plaintiff does not allege in her Complaint that she suffered any physical harm while housed at RJD, she claims in her Opposition that due to the actions by RJD officials, she has been "raped by inmates, sexually harassed/sexually assaulted by CSP-SAC officials," along with being "called a child molester by inmates and CSP-SAC, RJDCF officials." (Pl.'s Opp'n at 3.)

However, these claims of physical harm following her transfer from RJD are found in her Opposition and are not alleged in her Complaint. Therefore, the Court will GRANT Defendants' Motion for Judgment on the pleadings as to Plaintiff's Eighth Amendment claims but will permit Plaintiff leave to file an amended pleading.

Plaintiff is cautioned, however, that she must provide plausible factual allegations that demonstrate a direct causal connection between the RJD Defendants and the physical harm she alleges that has suffered while housed at her current place of incarceration. Plaintiff is further cautioned that she may not add any additional Defendants nor may she allege facts or claims that she has already presented in the twenty two (22) civil rights

5

actions that she has filed since April of 2012, the date she was transferred back to CSP-SAC.[3]

In addition, in this action filed by Plaintiff in 2012, she claims that Defendants at RJD caused her to be threatened by "two-five gang members." (Compl. at 4.) However, Plaintiff previously alleged in 2009, while housed at CSP-SAC, that a "hit" had been "placed on the Plaintiff by the disruptive groups, 'Two-Five' and 'Independent Riders.'" *See Williams v. Rodriguez, et al.*, E.D. Civil Case No. 1:09-cv-01882-LJO-GSA, ECF No. 5 at 14. It appears that Plaintiff has claimed to suffer harassment from this alleged gang years prior to filing this action. If Plaintiff chooses to file an amended complaint, she would have to allege specific facts linking the RJD Defendants to the threats of harm by prison gang members whom she claims have been threatening her since 2009.

In her Opposition to Defendants' Motion, Plaintiff claims that her food is being poisoned by CSP-SAC officials with "arsenic, nitrite, nitrous acids," and other poisons. (Pl.'s Opp'n at 5.) The Court takes judicial notice that Plaintiff has already filed at least ten (10) actions in the Eastern District of California, since April of 2012, raising these identical claims.[4]

///

///

---

[3] A Court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)).

[4] *See Williams v. Wedell, et al.*, E.D. Cal. Civil Case No. 2:12-cv-01438-GEB-GGH; *Williams v. Nappi, et al.*, E.D. Cal. Civil Case No. 2:12-cv-01604-GEB-CMK; *Williams v. CDCR, et al.*, E.D. Cal. Civil Case No. 2:12-cv-01616-JAM-EFB; *Williams v. Brennan, et al.*, E.D. Cal. Civil Case No. 2:12-cv-02155-KJM-AC; *Williams v. D. Bauer, et al.* E.D. Cal. Civil Case No. 2:12-cv-02158-MCE-EFB; *Williams v. Norton, et al.*, E.D. Cal. Civil Case No. 2:12-cv-02889-CKD, *Williams v. Murillo, et al.*, E.D. Cal. Civil Case No. 2:12-cv-03066-MCS-KJN; *Williams v. Roberts, et al.,* E.D. Cal. Civil Case No. 2:14-cv-00728-KJM-DAD; *Williams v. Harris*, E.D. Cal. Civil Case No. 2:14-cv-01191-WBS-AC; *Williams v. Lopez, et al.*, E.D. Cal. Civil Case No. 2:16-cv-00131-KJM-KJN

Plaintiff has also filed at least four (4) actions since April of 2012 alleging that she has been sexually assaulted by CSP-SAC officials.[5] Plaintiff may not bring claims of food poisoning or sexual assault by CSP-SAC officials in this action that she has previously raised in all the Eastern District matters filed since 2012.

### C. Fourteenth Amendment claims

Plaintiff alleges in her Complaint that Defendants violated her due process rights when she was given an "R" suffix based on a conviction she claims does not exist. (*See* Compl. at 3.) Defendants argue that Plaintiff has failed to allege a "liberty interest" and thus, has failed to properly allege a Fourteenth Amendment due process claim. (Defs. Ps & As In Supp. of Mtn. for Judg. on the Pldgs at 10-12.)

"The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972). State statutes and prison regulations may grant prisoners liberty interests sufficient to invoke due process protections. *Meachum v. Fano*, 427 U.S. 215, 223-27 (1976). However, the Supreme Court has significantly limited the instances in which due process can be invoked. Pursuant to *Sandin v. Conner*, 515 U.S. 472, 483 (1995), a prisoner can show a liberty interest under the Due Process Clause of the Fourteenth Amendment only if he alleges a change in confinement that imposes an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Id.* at 484 (citations omitted); *Neal v. Shimoda*, 131 F.3d 818, 827-28 (9th Cir. 1997).

The Sandin test requires a case-by-case examination of both the conditions of the prisoner's confinement and the duration of the deprivation at issue. *Sandin*, 515 U.S. at 486. In short, Plaintiff must allege facts to show "a dramatic departure from the basic

---

[5] *See Williams v. Agredano, et al.*, E.D. Cal. Civil Case No. 2:15-cv-01767-JAM-KJN; *See Williams v. Faris, et al.*, E.D. Cal. Civil Case No. 2:14-cv-01434-EFB; *Williams v. Kaiser, et al.*, E.D. Cal. Civil Case No. 2:14-cv-01218-MCE-CKD; *Williams v. Jinkerson, et al.*, E.D. Cal. Civil Case No. 2:14-cv-00838-MCE-EFB.

conditions" of his confinement before he can state a procedural due process claim. *Id*. at 485; *see also Keenan v. Hall*, 83 F.3d 1083, 1088-89 (9th Cir. 1996), amended by 135 F.3d 1318 (9th Cir. 1998).

Plaintiff does not have a constitutional right to receive a particular security classification. *See Olim v. Wakinekona*, 461 U.S. 238, 244-50 (1983); *Moody v. Daggett*, 429 U.S. 78, 87 n.9 (1976). However, the Ninth Circuit has applied *Sandin's* procedural due process analysis to a claim similar to Plaintiff's. In *Neal*, the Court considered a due process challenge to Hawai'i's Sex Offender Treatment Program ("SOTP"), which labeled all persons in state custody convicted of specified sex crimes as "sex offenders" and compelled their participation in a psychoeducational treatment program as a prerequisite to parole eligibility. *Neal*, 131 F.3d at 821-22. Applying *Sandin*, the district court concluded that the "labeling of [Neal] as a sex offender and any resultant impact on [his] custody level or eligibility for parole . . . [did] not impose 'atypical and significant' hardship" upon him. *Neal*, 131 F.3d at 828. The Ninth Circuit disagreed, however, finding that the "stigmatizing consequences of the attachment of the 'sex offender' label *coupled with* the subjection of the targeted inmate to a mandatory treatment program whose successful completion is a precondition for parole eligibility create the kind of deprivations of liberty that require procedural protections." *Id*. at 830 (emphasis added).

Here, while Plaintiff alleges that she has been given the "R" suffix, that classification alone does not "impose[] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484, *Neal*, 131 F.3d at 830, *Cooper v. Garcia*, 55 F.Supp.2d 1090, 1101 (S.D. Cal. 1999.) Plaintiff does not allege that any of the named Defendants, who are members of the classification committee, imposed any other restrictions on her that could implicate a liberty interest.

Defendants' Motion for Judgment on the Pleadings as to Plaintiff's Fourteenth Amendment due process claim is GRANTED with leave to amend.

/ / /

/ / /

8

3:12-cv-00113-BTM-RBB

### D. Conspiracy claims

Defendants move for judgment on the pleadings as to Plaintiff's conspiracy claims. (Defs. Ps & As In Supp. of Mtn. for Judg. on the Pldgs at 15-18.) In her Complaint, Plaintiff claims Warden Paramo "conspired with Defendants R. Olson, E. Marrero, Los Angeles County and the District Attorney by placing [an] "R" suffix upon the plaintiff." (Compl. at 3.) Plaintiff does not indicate whether she is bringing a claim of conspiracy pursuant to 42 U.S.C. § 1983 or 42 U.S.C. § 1985.

Under § 1985, a conspiracy to interfere with civil rights falls can fall under one of the following three possibilities: (1) preventing an officer from performing their duties; (2) obstructing justice by intimidating a party, witness, or juror; or (3) depriving persons of rights or privileges. *See* 42 U.S.C. § 1985. Here, Plaintiff's claims would fall under § 1985(3) and to properly state a claim pursuant to §1985(3) "a complaint must allege (1) a conspiracy, (2) to deprive any person or a class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or a deprivation of any right or privilege of a citizen of the United States." *Gillespie v. Civiletti*, 629 F.2d 637, 641 (9th Cir. 1980). "[T]he language requiring intent to deprive equal protection . . . means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971); *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992). Here, Plaintiff's Complaint contains no facts to plausibly suggest that she was given an "R suffix" based on any "racial, or perhaps otherwise class-based, invidiously discriminatory animus." *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1056 (9th Cir. 2002).

To state a claim for conspiracy pursuant to § 1983, Plaintiff must allege specific facts showing two or more persons intended to accomplish an unlawful objective of causing him harm and took some concerted action in furtherance of that goal. *Gilbrook v. City of Westminster*, 177 F.3d 839, 856–57 (9th Cir. 1999). In other words, Plaintiff

9

3:12-cv-00113-BTM-RBB

1 "must show 'an agreement or "meeting of the minds" to violate constitutional rights.'"
*Hart v. Parks*, 450 F.3d 1059, 1069 (9th Cir. 2006) (citing *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002)). Conclusory allegations of wide-spread conspiracy, however, are insufficient to state a valid § 1983 claim. *Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989) (per curiam)

Here, Plaintiff's Complaints offers no specific factual allegations regarding the alleged conspiracy. Instead, there is just one conclusory statement that RJD Defendants conspired with an unnamed District Attorney and "Los Angeles County" to place an "'R' suffix upon the plaintiff." (Compl. at 3.) Plaintiff's Complaint offers no other allegations regarding this alleged conspiracy. Plaintiff must plead specific facts when alleging a conspiracy. *See Lacey v. Maricopa County,* 693 F.3d 896, 937 (9th Cir. 2012) ("The conclusory conspiracy allegations in the original complaint do not define the scope of any conspiracy involving [the defendant], what role he had, or when or how the conspiracy operated.").

Therefore, Defendants' Motion for Judgment on the Pleadings as to Plaintiff's conspiracy claim is GRANTED with leave to amend.

**E.     State law claims**

    1.     <u>Slander</u>

Defendants move for judgment on the pleadings as to Plaintiff's slander claims on the ground she "failed to adequately allege slander" as she has purportedly not alleged that any Defendants made an oral statement about her. (Defs. Ps & As In Supp. of Mtn. for Judg. on the Pldgs at 17.) Under California law slander is, in part, the "false and unprivileged publication, orally uttered, and also communications by radio or any mechanical or other means which: (1) Charges any person with crime, or have been indicted, convicted, or punished for crime." Cal. Civil Code § 46 (West 2017).

/ / /
/ / /
/ / /

10

In her Complaint, Plaintiff alleges that she "informed Defendants Daniel Paramo, R. Olson, and E. Marrero that Correctional Officer (c/o) I. Marquez, (while attending ICC), told several inmates (in my presence) that I was/am a convicted sex offender." (Compl. at 4.) While Plaintiff does allege this oral statement was made and if proven could be potentially slanderous, Marquez is not a named Defendant. Defendants are correct that Plaintiff does not identify any oral statement by the named Defendants that could state a claim for slander under California law.

Accordingly, Defendants' Motion for Judgment on the Pleadings as to Plaintiff's slander claims is GRANTED.

### 2. Libel

Defendants also move for judgment on the pleadings on the ground that Plaintiff has failed to adequately allege a claim for libel. (Defs. Ps & As In Supp. of Mtn. for Judg. on the Pldgs at 17.) Under California law, libel is a "false and unprivileged publication by writing, printing, picture, effigy, or other fixed representation to the eye, which exposes any person to hatred, contempt, ridicule, or obloquy, or which causes him to be shunned or avoided, or which has a tendency to injure him in his occupation." Cal. Civil Code § 45 (West 2017).

Defendants argue that the only claim for libel would be the documents written by Defendants "reflecting their classification of her as a sex offender." (Defs. Ps & As In Supp. of Mtn. for Judg. on the Pldgs at 17.) However, Defendants assert that their "alleged acts of wrongly classifying Williams occurred under circumstances that fall squarely within the statutory definition of 'privilege.'" (*Id.*)

Under California law applicable to the facts alleged in this matter, a "privileged publication or broadcast is one made" in "proper discharge of any official duty" and "in any (1) legislative proceeding, (2) judicial proceeding, (3) in any other official proceeding authorized by law, or (4) in the initiation or course of any other proceeding authorized by law." Cal. Civil Code § 47(a) & (b) (West 2017). Defendants maintain that Plaintiff alleges that the decision to place an "R" suffix on Plaintiff's classification

11

3:12-cv-00113-BTM-RBB

was conducted at an Institutional Classification Committee ("ICC") hearing which is an official proceeding. Under California regulations, "[t]he classification committee at each institution must assign a custodial classification to each inmate, in accordance with the custodial classifications prescribed by the department." CAL CODE REGS., tit. 15 § 3272.

In her Complaint, Plaintiff acknowledges that Defendants placed the "R" suffix in her file at her ICC hearing conducted on January 5, 2012. (*See* Compl. at 3-4.) Thus, the Court finds that Plaintiff has not alleged facts to show that the decision to place the "R" suffix on her file was "unprivileged" and thus, Defendants' Motion for Judgment on the Pleadings as to Plaintiff's libel claims is GRANTED.

        3.    <u>Failure to comply with California Government Claims Act</u>

Even if Plaintiff adequately alleged a slander or libel claim against Defendants, the Court agrees that Defendants have shown Plaintiff has not adequately complied with the California Government Claims Act. (Defs. Ps & As In Supp. of Mtn. for Judg. on the Pldgs at 17.)

When defendants are public employees acting within the scope of their employment, as all the Defendants named in this action are alleged to be, a plaintiff must first submit a written claim to the public entity that employs them before filing a lawsuit seeking monetary damages for violations of California law. Cal. Gov't Code §§ 945.4, 950.2. Under California law, these claims procedures apply to prisoners. See Cal. Gov't Code § 945.6(c). The prisoner must file his tort claim with the governmental entity as a condition precedent to the maintenance of an action under state law, even if it arises as a pendent claim in a civil rights suit filed in federal court under 42 U.S.C. § 1983. *See Karim-Panahi v. Los Angeles Police Dept.,* 839 F.2d 621, 627 (9th Cir. 1988). The complaint must allege compliance with the claims procedure, and failure to make this allegation provides a basis for dismissal. *Id.*

Here, the Court finds that Plaintiff's Complaint provides no allegation that she complied with this Act. In support of their argument, Defendants have filed a "Request for Judicial Notice." (ECF No. 67-2.) Defendants are requesting that this Court take

judicial notice of "[r]ecords of the Victim Compensation and Government Claims Board ["VCGCB"] showing all claims presented by Plaintiff Lonnie Williams, encompassing the date January 5, 2012." (*Id.* at 1.) Federal Rules of Evidence 201 provides, in part, that the Court may take judicial notice of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201(b)(2).

The specific record that Defendants are asking that this Court take judicial notice is a "certification" signed under penalty of perjury by Eric Rivera, Custodian of Records for the Government Claims Program, along with the claim submitted by Plaintiff. (ECF No. 67-2. at 4-8.) Plaintiff does not challenge the veracity of these documents but rather argues that she does not have to comply with the requirement to submit a claim to the VCGCB. (ECF No. 69 at 4.) Therefore, the Court GRANTS Defendants' request of judicial notice on the grounds that the validity of these documents are "not subject to reasonable dispute." Fed.R.Evid. 201(b).

Attached to the certification of Eric Rivera is one "Government Claims Form" submitted by Plaintiff on June 11, 2012. (ECF No. 67-2 at 6-7.) Plaintiff purportedly sought to bring this claim against "California State Prison - Sacramento, Richard J. Donovan Correctional Facility, C/O F. Wong, C/O J.J. Eustice, C/O Terrell, C/O Hultz, Sgt. C. Ramos, C/O Jackson, C/O E. Laxamana, C/O Taylor, Lt. T. Glover, LTA E. Simon." (*Id.* at 6.) Other than naming RJD,[6] Plaintiff does not name any of the Defendants before this Court in this claim. Moreover, this claim does not include any of the facts alleged in the Complaint currently before the Court or allegations of libel and slander. Therefore, the record before this Court shows that Plaintiff did not properly file his claim relating to his state law claims before filing this action.

///

---

[6] RJD is not a defendant in this matter.

13

Thus, Defendants' Motion for Judgment on the Pleadings as to Plaintiff's libel and slander claims is GRANTED with prejudice and without leave to amend. The Court finds that any amendment as to the California state law claims would be futile as the time to properly file a claim for an event that occurred in 2012 has long since passed. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of leave to amend is not an abuse of discretion where further amendment would be futile).

### F. Injunctive Relief

In her Complaint, Plaintiff seeks an injunction from this Court "removing the "R" suffix and removing the sexual battery from Plaintiff's CLETS and criminal records." (Compl. at 7.) Defendants maintain that they do not have the authority to change these records and neither does this Court in the context of this action.

The term "CLETS" is an acronym for California Law Enforcement Telecommunications system. *See People v. Martinez*, 22 Cal.4th 106, 91 Cal.Rptr.2d 687, 990 P.2d 563 (2000). Defendants maintain that the CDCR does not compile the criminal records found in "CLETS" and the only information provided by the CDCR to "CLETS" is the "information about an individual's admission to or release from a detention facility in the Department of Corrections." ((Defs. Ps & As In Supp. of Mtn. for Judg. on the Pldgs at 21 citing Cal. Penal Code § 13152.)

Plaintiff argues, without citation to any legal authority, that this Court "can order the Plaintiff's records expunged, which contain inflammatory, unconstitutional, unlawful information." (Pl.'s Opp'n at 5.) "Federal courts have inherent authority to expunge criminal records in appropriate and extraordinary cases." *United States v. Crowell*, 374 F.3d 790, 793 (9th Cir. 2004). However, the Ninth Circuit has also made clear that Plaintiff "must first obtain a judgment that her conviction was unlawful" before seeking expungement. *Id.* at 796. Plaintiff has failed to demonstrate that she has such a judgment, and therefore, the Court DENIES this request for injunctive relief.

///

///

### G. Qualified Immunity

Finally, Defendants move for judgment on the pleadings on the ground that they are entitled to qualified immunity. (Defs. Ps & As In Supp. of Mtn. for Judg. on the Pldgs at 22-23.) Because the Court has found that all of Plaintiff's claims should be dismissed, it need not reach any issues regarding qualified immunity. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001) ("If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity."); *County of Sacramento v. Lewis*, 523 U.S. 833, 841 n.5 (1998) ("[The better approach to resolving cases in which the defense of qualified immunity is raised is to determine first whether the plaintiff has alleged the deprivation of a constitutional right at all.").

## IV. Conclusion and Order

For all the reasons explained, the Court:

1) **GRANTS** Defendants' Motion for Judgment on the Pleadings (ECF No. 67);

2) **DISMISSES** Plaintiff's California state law libel and slander claims with prejudice and without leave to amend; and

3) **GRANTS** Plaintiff thirty (30) days leave in which to file an Amended Complaint that addresses the Eighth Amendment, Fourteenth Amendment, and conspiracy claims only. Plaintiff is cautioned that should she choose to file an Amended Complaint, it must be complete by itself, comply with Federal Rule of Civil Procedure 8(a), and that any claim not re-alleged will be considered waived. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey,* 693 F.3d at 928 (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled."). If Plaintiff fails to follow these instructions and/or files an Amended Complaint that still fails to state a claim, her case may be dismissed without further leave to amend. *See Lira v. Herrera*, 427 F.3d

1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.

Dated: November 27, 2017

_____
Hon. Barry Ted Moskowitz, Chief Judge
United States District Court