## MINUTES OF THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

Williams v. Paramo, et al.                    Case No.: 12cv113-BTM(RBB)
                                              Time Spent: _____

HON. RUBEN B. BROOKS          CT. DEPUTY VICKY LEE        Rptr. _____

Attorneys

Plaintiffs                                              Defendants

_____          _____
_____          _____
_____          _____

PROCEEDINGS:        ☐ In Chambers          ☐ In Court          ☐ Telephonic

Plaintiff's "Notice and Motion (Within Thirty (30) Days), for an Order of Compliance with Plaintiff[']s [sic] Subpoena[]s, Interrogatories, and CDCR-1432, Public Record[]s Request[]s" was filed nunc pro tunc to October 10, 2017 [ECF Nos. 95, 96]. On October 17, 2017, the Court issued a minute order requiring Williams to supplement her motion with any supporting documents by October 31, 2017, and setting a briefing schedule on the motion [ECF No. 97]. On November 6, 2017, Defendants timely filed an "Opposition to Plaintiff's Motion for Compliance" [ECF No. 113]. Williams' "Supplemental Response" was filed nunc pro tunc to October 27, 2017 [ECF No. 108]. Plaintiff did not file a reply.

Plaintiff asks the Court to order various third parties to comply with her "repeated" subpoenas, interrogatories, and discovery requests, as well as with requests for public records and Olson Review. (Mot. for Compliance 1-2, ECF No. 96.) The third parties Williams identifies in her briefing include officials and medical staff at the California State Prison–Sacramento, officials at the California Department of Corrections and Rehabilitation, and the San Bernardino County District Attorney's Office, including J. Coburn, David Baughman, T. Kraemer, J. Frederick, Dela Cruz, Michael A. Felder, Joseph Maalihan, Moghaddam, Preet Sahota, Patrick R. McKinney, II, M. Ashley, and the California Department of Justice. (Id.) Plaintiff references her applications to obtain a copy of state summary criminal records, as well as "CDCR-1432, Request to Inspect Public Records, a subpoena's, [and] interrogatories" submitted to the California Department of Justice on August 30, 2017, and September 6, 2017. (Suppl. Resp. 2-4, ECF No. 108.)

Defendants argue that, Plaintiff has only identified two sets of subpoenas; the identified subpoenas were improperly served; the Court lacks jurisdiction over the individuals referenced in Plaintiff's motion; and discovery in this case is closed. (Opp'n 1-4, ECF No. 113.) Defendants therefore ask the Court to deny Plaintiff's motion. (Id. at 1, 4.)

On November 27, 2017, District Judge Barry T. Moskowitz granted Defendants' Motion for Judgment on the Pleadings, dismissed Plaintiff's California state law libel and slander claims with prejudice and without leave to amend, and granted Plaintiff thirty days to file an Amended Complaint addressing the Eighth, Fourteenth Amendment, and conspiracy claims only [ECF No. 121]. In light of Judge Moskowitz's order, currently there is no operative pleading in this case from which the Court could assess the need for additional discovery.

Williams v. Paramo, et al.                                    Case No.:  12cv113-BTM(RBB)

Further, although Plaintiff was given an opportunity to supplement her briefing, she has not provided any copies of her interrogatories or discovery requests, and only identified a subpoena dated "September 4-5-2017" mailed to M. Ashley, and a subpoena dated September 26, 2017, mailed to the California Department of Justice.  (Mot. for Compliance 2, ECF No. 96.)  Williams's supplemental briefing also references subpoenas submitted to the California Department of Justice on August 30, 2017, and September 6, 2017, but does not provide any copies of the subpoenas.  (Suppl. Resp. 2-4, ECF No. 108.)  Nevertheless, because Williams alleges that she mailed the above subpoenas to the third parties, the subpoenas were improperly served.  See Fed. R. Civ. P. 45(b)(1) (providing that a subpoena may be served by "[a]ny person who is at least 18 years old and not a party" and "requires delivering a copy to the named person").

Additionally, although the Court has authority pursuant to Federal Rule of Civil Procedure 45 to order nonparties to comply with subpoenas, "[a] federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."  Zepeda v. I.N.S., 753 F.2d 719, 727 (9th Cir. 1983); see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend[]").  The entities and individuals Plaintiff mentions in her motion are not parties to this lawsuit, and the Court lacks jurisdiction over those nonparties.  (See id.)

Finally, the Court's June 22, 2017 "Further Scheduling Order Regulating Discovery and Other Pre-Trial Proceedings" set August 7, 2017, as the deadline for the completion of fact discovery, and stated that "discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, so that [discovery] may be completed by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure."  (Further Scheduling Order 1-2, ECF No. 66.)  Plaintiff filed her motion after the fact discovery deadline [ECF No. 96], and the Court denied her motion to continue the deadline [ECF No. 122].  Accordingly, Plaintiff's motion is untimely.

For all the foregoing reasons, the Court **DENIES** without prejudice Plaintiff's motion for compliance.

DATE: November 30, 2017           IT IS SO ORDERED:

                                                         Ruben B. Brooks,
                                                         U.S. Magistrate Judge

cc: Judge Moskowitz
      All Parties of Record