# MINUTES OF THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

<u>Williams</u> v. <u>Paramo, et al.</u>　　　　　　　　　Case No.: 12cv113-BTM(RBB)
　　　　　　　　　　　　　　　　　　　　　　Time Spent:

<u>HON. RUBEN B. BROOKS</u>　　<u>CT. DEPUTY VICKY LEE</u>　　Rptr.

<u>Attorneys</u>

<u>Plaintiffs</u>　　　　　　　　　　　　　　　　<u>Defendants</u>

PROCEEDINGS:　　☐ In Chambers　　　☐ In Court　　　☐ Telephonic

　　　On June 22, 2017, the Court issued a Further Scheduling Order Regulating Discovery and Other Pre-Trial Proceedings [ECF No. 66].  Defendants filed a Motion for Judgment on the Pleadings [ECF No. 67], and on November 27, 2017, United States District Judge Barry T. Moskowitz granted the motion with leave to amend [ECF No. 121].  On December 8, 2017, Plaintiff filed a First Amended Complaint ("FAC") [ECF No. 126].  On December 18, 2017, Defendants requested an extension of time to file a responsive pleading to Plaintiff's FAC [ECF No. 128], which District Judge Moskowitz granted, noting that the Court intended to conduct a sua sponte screening of the FAC [ECF No. 129].

　　　On January 19, 2018, Defendants filed an ex parte application asking the Court to vacate the trial and all trial-related dates set in the Court's June 22, 2016 Further Scheduling Order Regulating Discovery and Other Pre-Trial Proceedings. (Defs.' Ex Parte Appl. to Vacate Trial Dates and all Trial-Related Dates 1, ECF No. 130.)  Defendants claim that good cause exists for their request. (<u>Id.</u>)  They contend that because Plaintiff names new defendants in the FAC and the FAC has not yet been screened, the scope of the issues and the number of parties in this case are unsettled. (<u>Id.</u> at 2-3.)  Defendants further state that their counsel was assigned this case on December 11, 2017, and "has not had the time to properly prepare for trial." (<u>Id.</u>; <u>see also</u> <u>id.</u> Attach. #1, Decl. Gibson 2.)

　　　"Ex parte applications are a form of emergency relief that will only be granted upon an adequate showing of good cause or irreparable injury to the party seeking relief." <u>K. Clark v. Time Warner Cable</u>, No. CV 07 1797 VBF(RCX), 2007 WL 1334965, at *1 (C.D. Cal. May 3, 2007) (citing <u>Mission Power Eng'g Co. v. Continental Cas. Co.</u>, 883 F. Supp. 488, 492 (C.D. Cal. 1995)).  The moving party must be "without fault" in creating the need for ex parte relief or establish that the "crisis [necessitating the ex parte application] occurred as a result of excusable neglect." <u>Id.</u>  An ex parte application seeks to bypass the regular noticed motion procedure; consequently, the party requesting ex parte relief must establish a basis for giving the application preference. <u>See id.</u>  United States District Court Southern District of California Civil Local Rule 7.1(e) outlines the procedures for filing regular motions. <u>AF Holdings LLC v. Doe</u>, Civil No. 12cv01525 LAB(RBB), 2012 WL 5304998, at *3 (S.D. Cal. Oct. 24, 2012) (citing S.D. Cal. Civ. R. 7.1(e)).  Ex parte proceedings are reserved for emergency circumstances. <u>Id.</u>

<u>Williams</u> v. <u>Paramo</u>, et al.                                    Case No.:  <u>12cv113-BTM(RBB)</u>

     Defendants' pending Ex Parte Application fails this test.  Defense counsel does not discuss why the regular noticed motion procedures must be bypassed, and merely asserts, without a citation to supporting legal authority, that "[i]f a request for enlargement of time is made before the expiration of the time originally prescribed, it may be made by ex parte application."  (Defs.' Ex Parte Appl. to Vacate Trial Dates and all Trial-Related Dates 2, ECF No. 130.)  Defendants have failed to demonstrate that their request should be considered on an ex parte basis.  "Lawyers must understand that filing an ex parte motion . . . is the forensic equivalent of standing in a crowded theater and shouting, 'Fire!'  There had better be a fire."  <u>Mission Power Eng'g Co.</u>, 883 F. Supp. at 492.  The Court therefore **DENIES** Defendant's Ex Parte Application to Vacate the Trial and all Trial-Related Dates.  <u>See</u> <u>id.</u> ("Many ex parte motions are denied, not because the underlying request is unwarranted, but because the papers do not show that bypassing the regular noticed motion procedure is necessary.").

     The Court construes Defendants' Ex Parte Application as a Motion to Vacate the Trial and all Trial-Related Dates and sets the motion for a hearing on **February 13, 2018**, at **10:00 a.m.**  Williams may file an opposition to the motion by **February 9, 2018**.

DATE: <u>January 30, 2018</u>       IT IS SO ORDERED:     *[signature]*
                                                                                          Ruben B. Brooks,
                                                                                      U.S. Magistrate Judge

cc: Judge Moskowitz
    All Parties of Record